## S05A0809. PALMA v. THE STATE.
(624 SE2d 137)

BENHAM, Justice.

This appeal is from Celerino Ocuna Palma's convictions for malice murder and possession of a firearm during the commission of

a felony.[1] The evidence at trial established that Palma was a member of the Vatos Locos gang. In the early morning hours of October 30, 2000, Palma and other persons associated with the gang went to a park in Gwinnett County. With them were Robin Raney and Michelle Torres. At the park, several of the women in the group began to beat Torres and one of them, Janet Olarte, stabbed her with a knife Palma had given her earlier in the day. Hasia Sauceda shot Raney once in the neck with a pistol Palma had given her earlier in the day, then gave the pistol to Olarte. That gun jammed, but Palma gave Olarte another pistol with which she shot Torres three times, killing her. Raney survived the shooting and called the police, setting into action an investigation which resulted in Palma's indictment and trial. Olarte, Sauceda, and Raney testified at Palma's trial and admitted on cross-examination they had pled guilty to various crimes, Olarte and Sauceda to conspiracy to commit murder and aggravated assault, and Raney to an unrelated charge of conspiracy to commit aggravated assault.

1. The evidence summarized above was sufficient to authorize a rational trier of fact to find Palma guilty of murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Palma also enumerates as error the trial court's action in sustaining the State's objection to defense counsel's closing argument regarding the bias and interest of the State's witnesses. State's witnesses Olarte and Sauceda, the persons who actually stabbed and shot the murder victim, testified on direct examination concerning their plea bargains, including the sentences they could have received had they not made a deal to testify for the State. The prosecuting attorney asked rhetorically in closing argument, "Well, what's their motive to lie? Why would they lie? What do they have to gain?" In response, defense counsel began to discuss the deal those witnesses had gotten and to point out to the jury, using the testimony of those witnesses regarding the specific sentences imposed and the potential sentences, what motive the witnesses had to lie. The prosecuting

---

[1] The crimes were committed on October 1, 2000, and Palma was indicted on April 24, 2002, for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. A jury trial conducted on December 1-5, 2003, resulted in a verdict of guilty of malice murder, felony murder, and possession of a firearm during the commission of a felony, and in acquittal on the aggravated assault charge. Palma was sentenced to life imprisonment for malice murder and to a consecutive term of five years for the firearm possession offense. The felony murder conviction was vacated by operation of law. Palma's motion for new trial was filed on December 31, 2003; amended on October 21, 2004; and denied by an order entered on October 26, 2004. Pursuant to a notice of appeal filed November 24, 2004, the appeal was transmitted to this Court and was submitted for decision on the briefs.

attorney then interrupted with an objection that "appropriate punishment" was not a proper subject for argument to the jury because juries do not impose punishment. Although defense counsel made clear that he was not arguing appropriate punishment but was only arguing bias and interest, the trial court instructed counsel not to make specific references to possible punishment. Defense counsel was, therefore, prevented from pointing out to the jury in argument the extent of the benefit the witnesses received from agreeing to testify against Palma.

"An attorney is entitled to argue all reasonable inferences arising from the evidence presented in the trial. [Cit.]" *Glenn v. State*, 279 Ga. 277, 279 (2) (b) (612 SE2d 478) (2005). Here, the State put into evidence the specific punishment the witnesses received and the potential punishments they avoided by agreeing to testify, and opened by its rhetorical questions the issue of bias and interest of the witnesses. The defense had a right to encourage the jury to infer from that evidence that the witnesses had bias and interest in the case that could compromise their credibility. The trial court's action in sustaining the State's objection deprived Palma of that right.

> A presumption of harm requiring the grant of a new trial accompanies the abridgement of the right to make a closing argument, and that presumption is overcome "when the denial of the right is not complete and only in those extreme cases in which the evidence of a defendant's guilt is so overwhelming that it renders any other version of events virtually without belief." [Cit.]

*Hendricks v. State*, 277 Ga. 61, 63 (3) (586 SE2d 317) (2003). That presumption is not overcome in the present case by overwhelming evidence of guilt (compare *Hayes v. State*, 268 Ga. 809, 813 (7) (493 SE2d 169) (1997)) because the two witnesses whose credibility the defense should have been allowed to attack were the source of the evidence connecting Palma to the weapons used in committing the crimes here. The trial court's abridgement of Palma's right to closing argument entitles him to a new trial. *Hendricks,* supra. Other errors alleged to have been committed are unlikely to recur on retrial and need not be addressed.

*Judgment reversed. All the Justices concur.*

DECIDED DECEMBER 8, 2005.

*Edwin J. Wilson*, for appellant.

*Daniel J. Porter, District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.