A08A1578. SERCHION v. THE STATE.
(667 SE2d 624)

MILLER, Judge.

A jury convicted Jonathan Jermaine Serchion of one count of armed robbery, four counts of aggravated assault, one count of

---

aggravated battery, two counts of burglary, and one count of possession of a firearm or knife during the commission of a felony. Serchion challenges the sufficiency of the evidence asserting the general grounds. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict (*Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998)), the evidence shows that at approximately 10:00 p.m., on April 1, 2007, Hubert Pooler exited his residence to retrieve cigarettes from his tractor-trailer. After getting the cigarettes and starting back to the residence, two men rushed him from nearby bushes. Pooler ran, reentered his house, and the two men, one wearing a motorcycle helmet and the other a Halloween mask, followed. Once inside, Pooler's assailants demanded money; Pooler stated that he had none; a struggle ensued; and the handgun which the helmeted man held discharged, hitting Pooler in the back. Pooler told his girlfriend, Christina Rosser, to call the police. At that point, the helmeted man removed his helmet, threatened to kill Rosser if she revealed his identity, and struck her with the helmet, knocking her unconscious. As the fight continued, the masked man took control of the handgun, pointed it at Pooler, and pulled the trigger. When the weapon failed to discharge, Pooler relented and gave his assailants a pair of his pants which had about $100 in the pockets. Pooler's assailants then left, and Rosser called the police. At trial, Pooler and Rosser identified Serchion as the helmeted perpetrator who shot him in the back and knocked Rosser unconscious. The masked perpetrator, Serchion's brother Willie, testified on Serchion's behalf that Serchion had not been present at the scene.

Serchion contends that the verdict is contrary to the law, contrary to the evidence, and strongly against the weight of the evidence, pointing to the testimony of his brother denying that Serchion participated in the charged offenses. We disagree.

"When the general grounds are asserted, as here, only the sufficiency of the evidence can be considered. [Cit.]" *Knox v. State*, 254 Ga. App. 870, 871 (564 SE2d 225) (2002).

a. Count 1 charged Serchion with armed robbery by taking money from Pooler by the use of a handgun. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another . . . by use of an offensive weapon." OCGA § 16-8-41 (a). "The force or intimidation essential to robbery must either *precede or be contemporaneous with*, and not subsequent to, the taking. A relatively brief period of time between the use of the offensive weapon and the actual theft does not sever the connection between the two acts." (Footnotes omitted; emphasis in original.) *Thomas v. State*, 290 Ga. App. 10, 11 (1) (658 SE2d 796) (2008).

Here, the evidence shows that Serchion entered Pooler's residence brandishing a handgun and, along with his brother, demanded money. A struggle took place, and Serchion's weapon discharged, wounding Pooler in the back. Further threats and demands for money followed, causing Pooler to hand over the money he had. Viewed in the light most favorable to the verdict, the evidence was sufficient to enable the jury to find Serchion guilty beyond a reasonable doubt of armed robbery. OCGA § 16-8-41; *Thomas*, supra, 290 Ga. App. at 11 (1).

b. Counts 2-5 charged Serchion with aggravated assault by shooting Pooler with a deadly weapon, a handgun (Count 2), by striking Rosser with a motorcycle helmet, an object which, when used against another, is likely to cause a serious injury (Count 3), by pointing a deadly weapon at Rosser, placing her in reasonable apprehension of immediately receiving a violent injury (Count 4), and by pointing the handgun at Pooler and pulling the trigger, placing him in reasonable apprehension of receiving a violent injury (Count 5). Aggravated assault is committed when a person "assaults . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-5-21 (a) (2). "A person commits the offense of simple assault when he . . . either . . . [a]ttempts to commit a violent injury to the person of another . . . or . . . [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2). Further, a "[r]easonable apprehension of injury . . . can be proved by circumstantial or indirect evidence as well as by direct or positive evidence. Indeed, the presence of a gun would normally place a victim in reasonable apprehension of being injured violently." (Citations and punctuation omitted.) *Willingham v. State*, 281 Ga. 577, 578-579 (642 SE2d 43) (2007); *Anthony v. State*, 276 Ga. App. 107, 108 (1) (622 SE2d 450) (2005).

Here, Rosser witnessed Serchion shoot her boyfriend in the back. Serchion threatened her, and knocked her unconscious by striking her with his motorcycle helmet. This evidence, supporting Serchion's convictions of aggravated assault as charged by Counts 2 and 3 of the indictment, was sufficient to find Serchion guilty thereof beyond a reasonable doubt.

After exiting the home, Serchion's brother pointed the handgun at Rosser as the two perpetrators attempted to start Pooler's truck in an effort to steal it. Likewise, Serchion's brother rather than Serchion, pointed the handgun at Pooler's head and pulled the trigger when the weapon failed to fire. This occurred after Serchion had shot Pooler and as the fight for Pooler's money continued immediately thereafter. Thus, Serchion argues that it was his

brother, rather than he, who was guilty of the crimes charged in Counts 4 and 5 of the indictment. We disagree.

OCGA § 16-2-20 permits the State to charge a defendant with a crime even though he or she did not directly commit the crime. Under OCGA § 16-2-20 (b) (3),

> [a] person is a party to a crime if he intentionally aids or abets in the commission of the crime. While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citation and punctuation omitted.) *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556) (1997). Given the foregoing, the evidence was sufficient to find Serchion guilty beyond a reasonable doubt as a party to the crimes charged in Counts 4 and 5 of the indictment.

c. Count 6 charged Serchion with aggravated battery, by shooting Pooler in the back, rendering useless a member of his body, his right shoulder. Aggravated battery is committed when a person maliciously causes bodily harm to another by rendering a member of his body useless. OCGA § 16-5-24 (a).

Pooler testified at trial that the shooting left him with nerve damage to his right shoulder from which he had not fully recovered. Such evidence was sufficient to authorize a reasonable trier of fact to find Serchion guilty, beyond a reasonable doubt, of Count 6 of the indictment. See *McClain v. State*, 284 Ga. App. 187, 188 (1) (643 SE2d 273) (2007) (temporary deprivation of a body member may render one "deprived" of that body part under the aggravated battery statute); *Daniel v. State*, 271 Ga. App. 539, 540 (1) (610 SE2d 90) (2005) (temporary reduction of the use of a bodily member may be sufficient to render it "useless"); *Ahmadi v. State*, 251 Ga. App. 189, 190 (554 SE2d 215) (2001) (temporary loss of the victim's finger rendered it useless).

d. Plainly, there was evidence that the Serchion brothers entered Pooler's house without authority, and we have held that Serchion's convictions for armed robbery and aggravated assault against Pooler are supported by sufficient evidence, as above. Accordingly, we likewise find that Serchion's convictions of burglary by entering the dwelling house of another with the intent of committing a felony therein (armed robbery and aggravated assault (Counts 7 and 8, respectively)) and of possession of a firearm during the commission of a crime (aggravated assault against the person of Pooler (Count 9)), were supported by the evidence. See OCGA § 16-7-1 (a) ("A

person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ."); OCGA § 16-11-106 (b) (1) (offense of possession of a firearm or knife during the commission of a crime is committed when such weapon is on or within an arm's reach of a person committing a crime against the person of another); *Bryant v. State*, 286 Ga. App. 493 (649 SE2d 597) (2007) (burglary with intent to commit armed robbery and aggravated assault); *Anderson v. State*, 237 Ga. App. 595, 596 (2) (516 SE2d 315) (1999) (possession of firearm during commission of felony against a person).

In light of the foregoing, the trial court did not err in denying Serchion's motion for new trial challenging the sufficiency of the evidence as to each count of the indictment.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED AUGUST 26, 2008 —
RECONSIDERATION DENIED SEPTEMBER 22, 2008.

*Joseph W. Jones, Jr.*, for appellant.

*Peter J. Skandalakis, District Attorney, Robert N. Peterkin, Assistant District Attorney*, for appellee.