## A08A1582. CRANE v. THE STATE.
(670 SE2d 123)

PHIPPS, Judge.

Following a jury trial, Robert Crane was convicted on several counts arising from three armed robberies. He makes two arguments on appeal. First, Crane argues that his trial counsel, who replaced another attorney shortly before trial, had insufficient time to prepare his defense or develop a productive working relationship with him, resulting in a constructive denial of counsel. Second, Crane argues that the court improperly admitted character evidence at trial. Finding no merit in either claim, we affirm.

The evidence at trial demonstrated that the three armed robberies occurred in August and September 2005 in an Atlanta

---

neighborhood. In two of the incidents, two men on foot approached pedestrians during the early morning hours, pointed a gun at them, and took their money. In the other incident, two men and a woman in a red car approached a pedestrian during the early morning hours, pointed a gun at him, and took his money. This pedestrian later identified Crane as the driver and gunman.

The state presented evidence of two similar transactions that occurred in September and October 2005 in the same neighborhood. These similar transactions involved armed robberies against pedestrians during the early morning hours, and one of the similar transactions involved a red car containing three people. The similar transaction witnesses identified Crane as the person who pointed a gun at them and demanded their money.

The state also presented evidence from two people — Crane's neighbor and Crane's girlfriend — who testified to participating with Crane in armed robberies using a red car that belonged to the neighbor's wife. The circumstances of these robberies were consistent with those described by the victims and similar transaction witnesses in this case.

Finally, a police officer testified to investigating the series of armed robberies that had occurred in the neighborhood between August and October 2005. His investigations led him to Crane's girlfriend, who confessed to being involved in the robberies and identified Crane as another person involved; to a motel room where he found a gun and an identification card belonging to Crane; and to a red car at the home of Crane's neighbor.

1. Crane contends that he received ineffective assistance of counsel at trial. His first attorney withdrew a few days before his trial and was replaced by a supervising attorney in the same county conflict defender's office. New counsel spent the weekend before trial meeting with Crane and reviewing numerous files provided by original counsel. Before trial, new counsel reported to the court that she was prepared to go forward and Crane confirmed that he was willing to proceed.

At his new trial hearing, however, Crane alleged that his counsel lacked the time to adequately prepare for trial, thereby constructively denying him his Sixth Amendment right to effective assistance of counsel. He also listed in his new trial motion several alleged deficiencies of counsel: failing to move to strike a potential juror for cause; failing to object during the state's opening argument; failing to move for mistrial after being admonished during Crane's opening argument; failing to call material witnesses; and failing to investigate or present expert testimony on eyewitness identification.

To prevail on a claim of ineffective assistance of counsel, "a defendant must establish, pursuant to *Strickland v. Washington*,[1] that counsel's performance was deficient and that the deficient performance was prejudicial to the defense."[2] We review the trial court's legal conclusions on this issue de novo, and its factual findings for abuse of discretion.[3] An insufficient showing on either the deficiency or prejudice prong will support the trial court's conclusion that there was no ineffective assistance.[4]

(a) There is no merit in Crane's contention that he experienced a constructive denial of counsel, allowing him to rely upon a presumption of prejudice. Prejudice may be presumed in a "narrow range of circumstances" that includes a constructive denial of counsel.[5] But "constructive denial is not present unless counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. The attorney's failure must be complete and must occur throughout the proceeding and not merely at specific points."[6]

Crane argues that he experienced a constructive denial of counsel because the court "rushed" him to trial "under circumstances where his lawyer could not possibly prepare." In support of this position, Crane cites to several decisions in which the Supreme Court of Georgia held that the trial court had erred in denying a continuance to a defendant whose counsel did not have reasonable time to prepare for trial.[7]

The cases cited by Crane do not provide a basis for finding a constructive denial of counsel in this case. "[T]here exists no magic amount of time which a counsel must spend in preparation for trial in order to provide a client with adequate counsel."[8] Unlike the

[1] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[2] *Espinosa v. State*, 285 Ga. App. 69, 72 (2) (645 SE2d 529) (2007) (footnote omitted).

[3] Id.

[4] See *Riggins v. State*, 279 Ga. 407, 409 (2) (614 SE2d 70) (2005).

[5] *Turpin v. Curtis*, 278 Ga. 698, 699 (1) (606 SE2d 244) (2004) (citations and punctuation omitted); see *Strickland*, supra at 692 (III) (B) ("Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice."); *United States v. Cronic*, 466 U. S. 648, 659-660 (104 SC 2039, 80 LE2d 657) (1984) (recognizing that circumstances may exist such that, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial"); *State v. Heath*, 277 Ga. 337, 338 (588 SE2d 738) (2003).

[6] *Turpin*, supra (citations and punctuation omitted).

[7] See *Sheppard v. State*, 165 Ga. 460, 467 (141 SE 196) (1928) (counsel was appointed immediately before start of trial); *Reliford v. State*, 140 Ga. 777, 778-779 (79 SE 1128) (1913) (ten minutes before trial, three attorneys were appointed to assist retained counsel, who lacked trial experience); *Blackman v. State*, 76 Ga. 288 (1886) (counsel were appointed three days before trial and did not have opportunity to meet with defendant).

[8] *Young v. State*, 245 Ga. App. 684, 686 (2) (538 SE2d 760) (2000) (punctuation and footnote omitted).

counsel in the cases cited by Crane, Crane's counsel was already familiar with his case when she assumed representation from another attorney in her office. She had access to the trial preparation work performed by Crane's original counsel, whom she had supervised. She met with Crane before trial. She indicated to the court that she was ready to proceed to trial. The deficiencies that Crane alleges resulted from the lack of preparation time, such as failure to investigate and failure to make various objections and motions at trial, are "precisely the type of shortcomings that courts routinely subject to a prejudice analysis."[9]

(b) Crane has failed to show that counsel's alleged deficiencies support a finding of ineffective assistance of counsel.

(i) Counsel's failure to move the court to strike for cause a juror who worked as a security officer and who had twice been a robbery victim did not constitute deficient performance. In voir dire, the juror acknowledged that it would be difficult for him to "separate [his] personal experiences from the facts of the case," but he stated that he could be a fair and impartial juror. These circumstances did not require the trial court to strike the prospective juror for cause,[10] and Crane has not demonstrated that the court would have struck the prospective juror had counsel so moved.

(ii) Counsel's failure to object when the state described Crane as a "predator" during its opening statement did not constitute deficient performance. Given that the state introduced evidence at trial that Crane was involved in a series of armed robberies against pedestrians, the state's use of this figurative speech in its opening statement was not beyond the permissible latitude afforded counsel, and the decision by Crane's counsel not to object was a reasonable trial strategy.[11]

(iii) Counsel's failure to move for mistrial after the court, sua sponte, admonished counsel during her opening statement did not constitute deficient performance.

One admonition occurred after counsel stated that evidence she intended to present would be "worth staying awake for." The court stopped counsel, held a discussion at the bench, and then stated to the jury, "I am admonishing defense counsel. I ask that you disregard the last statements as inappropriate opening statements. This is not evidence of anything. Ma'am, please conclude properly." Shortly afterward, defense counsel commented that "there are lots of

---

[9] *Heath*, supra at 339.

[10] See *Lampley v. State*, 284 Ga. 37, 39 (3) (663 SE2d 184) (2008).

[11] See *Phillips v. State*, 284 Ga. App. 683, 686 (2) (644 SE2d 535) (2007); *Harris v. State*, 279 Ga. 522, 525 (4) (615 SE2d 532) (2005).

robberies that have gone on in [the neighborhood] before this period, since this period." The court again stopped counsel's opening and stated:

> You're now testifying or attempting to testify. Sit down. Ladies and gentlemen, I'm going to ask that you disregard that last statement. Sit down, [counsel]. All right. Folks, I'm going to ask you to step back into the jury room for just a moment.

Outside the jury's presence, the court cautioned counsel to give a proper opening statement. Counsel and the court then discussed the parameters of a proper opening statement. When the jury returned, counsel concluded her opening statement without interruption.

"The trial court has the right and duty to govern the scope of argument by counsel both prior to and after the presentation of evidence. The proper range of comment by counsel is a matter within the discretion of the trial court."[12] We find no abuse of the court's discretion in admonishing counsel and thus no deficient performance in counsel's failure to pursue a motion for mistrial based on the admonitions.[13]

(iv) Crane has not demonstrated that counsel's failure to call certain witnesses at trial or to investigate and present expert testimony on eyewitness identification constituted deficient performance. Although Crane asserted in his new trial motion that certain witnesses "had material evidence relating to the case," at the new trial hearing he neither identified these witnesses nor put forward any evidence as to the testimony they would have given.[14]

2. Crane argues that the court impermissibly admitted evidence of his character. Evidence concerning a criminal defendant's character, including "evidence which in any manner shows or tends to show that the accused has committed other criminal acts," usually is irrelevant and inadmissible.[15]

---

[12] *Williams v. State*, 218 Ga. App. 571, 573 (2) (462 SE2d 457) (1995) (citations and punctuation omitted).

[13] See *Dowels v. State*, 289 Ga. App. 369, 373 (2) (657 SE2d 279) (2008) (finding no ineffective assistance based on counsel's failure to pursue futile motion); *Owens v. State*, 271 Ga. App. 365, 371-372 (5) (c) (i) (609 SE2d 670) (2005) (finding no ineffective assistance based on counsel's failure to object to court's admonition of counsel for asking misleading question of witness).

[14] See *Boatwright v. State*, 281 Ga. App. 560, 561-562 (2) (636 SE2d 719) (2006); *Pringle v. State*, 281 Ga. App. 230, 234 (2) (a) (635 SE2d 843) (2006).

[15] *Perry v. State*, 158 Ga. App. 349, 352 (2) (280 SE2d 390) (1981) (citations omitted); see OCGA § 24-2-2 ("The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.").

(a) Crane complains of the court's denial of his motions for mistrial after a witness made an unsolicited statement that Crane "sells drugs" and after the jury saw a videotape containing a reference to a person, possibly Crane, having spent time in prison. After each instance, the court gave a curative instruction that the jury should disregard the reference to other criminal activity.

A passing reference to a defendant's criminal record does not place character into evidence.[16] Here the comments were isolated, and as to the witness's remark about drugs, counsel immediately redirected his testimony.[17] Because the trial court's curative instructions remedied any prejudice caused by the comments,[18] we find no abuse of discretion.[19]

(b) Crane argues that the admission of an identification card showing him in a prison uniform improperly put his character into evidence. But because he did not object to the admission of this evidence at trial, he has waived this argument.[20]

(c) To the extent Crane argues in his appellate brief that his character was impermissibly injected into the trial in instances in which he has not enumerated as error any ruling by the trial court on the admissibility of the evidence, such contentions are not properly before us.[21]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

### DECIDED OCTOBER 31, 2008.

*Little & Crumly, Samuel F. Little, Jr.,* for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney,* for appellee.

---

[16] *Johnson v. State,* 256 Ga. 604, 605 (2) (351 SE2d 623) (1987).

[17] See *Height v. State,* 281 Ga. 727, 729-730 (4) (642 SE2d 812) (2007) (court did not err in denying mistrial after prosecutor interrupted and redirected police officer during officer's testimony about previous instances when he "could have charged" defendant); *Johnson,* supra (statement that police officer "went to our identification section and pulled [defendant's] records," without further testimony about records' contents or defendant's previous convictions or arrests, did not place defendant's character into evidence).

[18] See *Brown v. State,* 268 Ga. 455, 456 (1) (490 SE2d 379) (1997).

[19] Id.

[20] See *Spear v. State,* 270 Ga. 628, 631-632 (5) (513 SE2d 489) (1999).

[21] See *Felix v. State,* 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999).