A08A1695. ANDREWS v. HABITAT FOR HUMANITY IN
ATLANTA, INC.
(671 SE2d 879)

JOHNSON, Presiding Judge.

Geraldine Andrews, acting pro se, sued Habitat for Humanity in Atlanta, Inc., seeking to enjoin Habitat from erecting a fence on property in which she claimed to possess a prescriptive easement. The trial court granted Habitat's motion for summary judgment, and Andrews appeals. Discerning no error, we affirm.

On appeal from the grant of summary judgment, this Court "conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[1] So viewed, the record shows that in 1997, Andrews purchased property located at 1044 Sparks Street in Atlanta. Andrews never resided at the property, but she leased it to several tenants.

When Andrews visited the property, she would park her car in what she referred to as an "unpaved driveway" that "may overlap the property line" with the adjacent property at 1040 Sparks Street. None of Andrews' tenants ever parked in the driveway, but her niece and several workmen claimed that they also parked there when they visited the property. In 2006, Habitat purchased the adjacent property at 1040 Sparks Street and installed a silt fence thereon. Andrews claimed that the fence interfered with her use of the driveway such that it was a "tight squeeze" for her to park there.

We first note that Andrews' "enumeration of errors" does not assert any clearly defined legal error, but is merely a statement of factual contentions.[2] Even if we consider Andrews' statements as alleging trial court error in granting Habitat's motion for summary

---

[1] (Citations omitted.) *Merlino v. City of Atlanta*, 283 Ga. 186 (657 SE2d 859) (2008).
[2] See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) (In order for a Georgia appellate

judgment, Andrews' pro se appellate brief fails to provide any references to the record. Court of Appeals Rule 25 (c) (2) (i) provides that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration." "It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record."[3] Moreover, allegations of fact appearing only in appellate briefs and unsupported by evidence in the record will not be considered on appeal.[4]

Notwithstanding Andrews' failure to comply with this Court's rules and properly cite to trial court error, we also find that the purported claim of error lacks merit. While Andrews argues that she possesses a prescriptive easement in the unpaved driveway, a claim of prescriptive title requires, among other things, proof that the possession was public, continuous, exclusive, uninterrupted, peaceable, adverse, and accompanied by a claim of right.[5]

While Andrews argues on appeal that she never shared use of the driveway, she admitted below that the driveway was "common" and available to both 1040 and 1044 Sparks Street. This assertion negates her claim to a prescriptive easement barring some evidence showing she provided notice "by repairs or otherwise, that [s]he has changed [her] position from that of a mere licensee to that of a prescriber."[6] In support of her contention that she provided such notice, Andrews claims that her tenant mowed the area over the driveway and kept it free of trash and debris, and that she once "had the demolition company [that tore down the original house at 1040 Sparks Street] redistribute gravel on the driveway after they disturbed it." However, "mere acts of keeping grass out of or passing over the driveway cannot accomplish prescription,"[7] and Andrews has failed to provide any evidence that her claimed "repairs" were sufficient to provide Habitat or any prior owner of 1040 Sparks Street with notice of an adverse claim of right.[8]

---

court to review a trial court ruling for legal error, "a party must set forth in the enumeration of errors the allegedly erroneous ruling" made by the trial court.).

[3] (Punctuation and footnote omitted.) *Dwyer v. Mtg. Electronic Registration Systems*, 258 Ga. App. 220 (573 SE2d 489) (2002).

[4] See *Hallisy v. Snyder*, 219 Ga. App. 128, 129 (2) (464 SE2d 219) (1995).

[5] *Norton v. Holcomb*, 285 Ga. App. 78, 80-81 (2) (646 SE2d 94) (2007).

[6] (Citation and punctuation omitted.) *Hobbs v. Lovelady*, 272 Ga. App. 111, 112 (1) (611 SE2d 661) (2005).

[7] Id. at 113 (1).

[8] See *Ga. Pacific Corp. v. Johns*, 204 Ga. App. 594, 595 (420 SE2d 39) (1992) ("The gist of the requirement as to repairs is not so much the repairs as the *notice* which is given by the

While Andrews may have presented evidence in support of her claim at the injunction hearing, she failed to file a transcript of those proceedings and did not attempt to reconstruct the proceedings in accordance with OCGA § 5-6-41 (g) and (i). Therefore, "we must presume that the trial court's findings are supported by competent evidence and that the court applied the appropriate standard in granting summary judgment."[9]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 29, 2008.

Geraldine Andrews, *pro se.*
*Michael C. McGoff,* for appellee.

---

repairs.") (citation and punctuation omitted; emphasis in original).

[9] *Hatcher v. Family Dollar Stores of Ga.*, 280 Ga. App. 191, 192 (633 SE2d 568) (2006).