## A08A2000. BURDEN v. THE STATE.
### (674 SE2d 668)

DOYLE, Judge.

James Otis Burden appeals after a Dooly County jury found him guilty of two counts of armed robbery.[1] Finding no reversible error, we affirm.

1. Burden argues that the verdict is contrary to the law and

---

[1] OCGA § 16-8-41 (a).

contrary to, and strongly against, the weight of the evidence.[2]

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another . . . by use of an offensive weapon."[3] When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[4] "We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination on the proper weight and credibility to be given the evidence. It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts."[5]

So viewed, the evidence adduced at trial shows that on August 13, 2005, Leonard Hall and Steve Spoltman were robbed at knifepoint in separate incidents at the Allstate truck stop.

Hall testified that during the early morning hours of August 13, a man approached him in the truck stop parking lot, asking him for money. As the two men neared Hall's truck, the man pulled a knife, threatened Hall, and demanded money, taking about $245. Later that day, in the early evening, Spoltman was attacked from behind by an individual who brandished a knife and demanded money. Spoltman struggled with his assailant, elbowing him in the mouth, but the man stole approximately $130. The assailant ran from the scene, and Spoltman called the police.

Officer Ernest Dennard responded to Spoltman's call, and on his way to the truck stop, he noticed a man fitting the description of the assailant, walking rapidly away from the area under an interstate overpass. Officer Dennard stopped the man, who initially responded to the officer's commands, but then fled toward a nearby hotel; the officer, however, caught and arrested him. Officer Dennard found approximately $100 on the man, and $30 was recovered from him at the jail.

Eventually, Officer Dennard returned to the truck stop with the individual, who was identified as Burden, in the back seat of his cruiser, and Spoltman identified Burden as the person who robbed him. Spoltman also identified Burden at trial as the individual who had robbed him. He admitted the lighting at the scene was poor, but he stated that he got a good look at Burden because the lights from

---

[2] *Serchion v. State*, 293 Ga. App. 629, 630 (667 SE2d 624) (2008) ("[w]hen the general grounds are asserted, as here, only the sufficiency of the evidence can be considered") (punctuation omitted).

[3] (Punctuation omitted.) Id.

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] (Citation omitted.) *Overton v. State*, 295 Ga. App. 223, 225 (1) (671 SE2d 507) (2008).

his truck illuminated the area. Spoltman also explained that when he saw him in the back seat of the police cruiser, Burden was bleeding near his mouth, in the location where Spoltman had elbowed the assailant during the incident.

At trial, Hall also identified Burden as the individual who had threatened him with a knife and robbed him. He testified that the lighting in the area "wasn't that bad," and he was able to get a good look at Burden's face when he asked Hall for money prior to the attack.

Based on the foregoing, the evidence was sufficient to allow the jury to find Burden guilty beyond a reasonable doubt of two counts of armed robbery.[6]

(a) Burden argues that the identifications made by Hall and Spoltman do not support the verdict because the men gave no identifying characteristics of their attacker, and Spoltman's identification of Burden was tainted by seeing him under arrest in the officer's cruiser the night of the attack.

As an initial matter, Burden does not challenge the trial court's admission of the identifications. Therefore, viewed in the light most favorable to the verdict, although Spoltman's initial identification of Burden occurred during a one-on-one showup, under the facts of this case, there was not a substantial likelihood of misidentification.[7] The identification came within a short time of the altercation, Spoltman testified that he saw Burden's face clearly, and he was illuminated by the lights in Spoltman's truck.

Additionally, Hall and Spoltman both testified at trial that Burden was the individual who attacked them. Hall testified that the lighting was sufficient to enable him to see Burden's face clearly during the altercations. Furthermore, their testimony is supported by the fact that Burden was apprehended as he was walking rapidly away from the truck stop, ran from the officer, and was found with $130, shortly after the same amount was taken from Spoltman. Finally, Burden was bleeding around his mouth near where Spoltman testified that he had hit his assailant with his elbow.

Accordingly, because the evidence was sufficient to support the jury's verdict, Burden's contention is without merit.[8]

(b) Burden also argues that the trial court erred in denying his motion for a directed verdict, presumably because, as he argued before the trial court, the evidence was not sufficient to link him to the robberies because it was based only on eyewitness identification

---

[6] OCGA § 16-8-41 (a).
[7] See *Fitzgerald v. State*, 279 Ga. App. 67, 70 (3) (630 SE2d 598) (2006).
[8] See id.

and not on any physical evidence. "A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law."[9] Based on our holding regarding the sufficiency of the evidence presented at trial, the court did not err in denying the motion for directed verdict.

(c) Burden argues that he was denied a fair trial because Officer Dennard testified falsely. However, Burden's brief on appeal fails to explain which, or cite to, portions of Officer Dennard's testimony that he claims are false.[10] Nevertheless, "it is solely the jury's responsibility to determine witness credibility, to resolve conflicting evidence, and to determine the facts," and thus, this enumeration is meritless.[11]

2. Burden asserts that the trial court erred by sustaining the State's objection during his opening statement. During the relevant portion of the opening statement, defense counsel stated:

If that [$100] was evidence in this case, if that was something that the police were planning on using to prosecute my client, maybe something with fingerprints on it, say, linking that money that my client had to the victim in the crime, shouldn't that have been preserved? Shouldn't that have been something that they did some tests on to see whether or not there were any fingerprints on it?

"The trial court has the right and duty to govern the scope of argument by counsel both prior to and after the presentation of evidence[, and t]he proper range of comment by counsel is a matter within the discretion of the trial court."[12] "The purpose of the opening statement is to give the jury and the court an outline of the evidence that the party anticipates presenting, whereas the purpose of the closing argument is to recount the evidence presented and suggest the conclusion demanded by that evidence."[13]

The State objected to the opening statement as argumentative, and the trial court did not abuse its discretion by sustaining the objection because counsel was arguing that the State *should have*

---

[9] *Overton*, 295 Ga. App. at 231 (1) (b); see OCGA § 17-9-1 (a).

[10] See *Andrews v. Habitat for Humanity &c.*, 295 Ga. App. 392 (671 SE2d 879) (2008) ("[E]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration.") (punctuation omitted).

[11] *Overton*, 295 Ga. App. at 232 (1) (c).

[12] (Citations and punctuation omitted.) *Williams v. State*, 218 Ga. App. 571, 573 (2) (462 SE2d 457) (1995).

[13] *Hooker v. State*, 278 Ga. App. 382, 385 (3) (629 SE2d 74) (2006).

conducted a fingerprint analysis on the money retrieved from Burden, not simply stating that the money was not collected as evidence or that a fingerprint analysis was not conducted.[14]

3. Burden contends that the trial court erred by sustaining the State's objection to a question he posed to Officer Dennard during cross-examination concerning the brevity of his incident report. Specifically, counsel asked, "[a]nd when you accuse somebody of armed robbery, and you lock them up, you arrest them and you bring them down to the jail, often people spend months in jail even before coming into court; isn't that right?" The trial court sustained the State's objection on the ground that the question was irrelevant.

A defendant

> ha[s] the right to a thorough and sifting cross-examination of any witness called against him. However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused.[15]

Here, the trial court limited Burden's cross-examination of Officer Dennard to the length of his police report and the lack of details therein, and the court did not abuse its discretion by refusing to allow counsel to ask the officer about the length of time that suspects may spend in custody pre-trial, as that issue was irrelevant to any issue in the case.[16]

4. Burden maintains that Officer Dennard improperly placed his character into evidence by mentioning his criminal history. The exchange at issue proceeded as follows:

> [DEFENSE COUNSEL]: You never investigated Mr. Spolt-man? I mean you never — or Mr. Hall? I mean you never saw or learned anything about them?
> [OFFICER DENNARD]: Learned anything about them?
> [DEFENSE COUNSEL]: Yeah. You never found out any-thing about their credibility? I mean you just went ahead

---

[14] See *Miller v. State*, 243 Ga. App. 764, 766 (7) (533 SE2d 787) (2000); *Williams*, 218 Ga. App. at 572-573 (2).

[15] (Citations and punctuation omitted.) *Stevens v. State*, 213 Ga. App. 293, 294 (2) (444 SE2d 840) (1994); see OCGA § 24-9-64.

[16] See *Stevens*, 213 Ga. App. at 294 (2) (finding no manifest abuse of discretion when the trial court disallowed questions regarding legal conclusions during cross-examination of officer); compare with *James v. State*, 260 Ga. App. 536, 539 (1) (580 SE2d 334) (2003) (finding that the trial court abused its discretion by abridging the cross-examination of an officer related to a field sobriety test in a DUI prosecution).

and — sorry. Before arresting my client or even after arresting my client, you never looked into their past at all, looked into whether or not they had a criminal records [sic] or anything along those lines?

[OFFICER DENNARD]: Your client's criminal record? I know his criminal record.

[THE COURT]: He's asking you about the witness.

[DEFENSE COUNSEL]: I'm asking you about the witness.

[OFFICER DENNARD]: Oh, no, I didn't.

"Evidence concerning a criminal defendant's character, including evidence which in any manner shows or tends to show that the accused has committed other criminal acts, usually is irrelevant and inadmissible."[17] However, "[a] passing reference to a defendant's record does not place his character in evidence."[18] Additionally, "[a] nonresponsive answer that impacts negatively on a defendant's character does not improperly place the defendant's character in issue."[19]

(a) First, Burden contends that the trial court erred by not sua sponte granting a mistrial based on Officer Dennard's statement.

When, as here, the defendant has not requested a mistrial, "the trial court was required to act sua sponte only if there was a manifest necessity for a mistrial."[20] Officer Dennard did not comment on the content of Burden's criminal record or even say, with certainty, that one did or did not exist.[21] Additionally, the answer was not responsive to defense counsel's question.[22] On these facts, we cannot say that there was manifest necessity for a mistrial, and thus, the trial court was not required to declare a mistrial sua sponte.

(b) Next, Burden contends that his attorney's failure to move for a mistrial based on Officer Dennard's statement constituted ineffective assistance.

In order to prevail on a claim of ineffective assistance of counsel, an appellant must show both that his trial counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the outcome of the trial would have been different.[23]

As concluded above, because the nature of Officer Dennard's

---

[17] (Punctuation omitted.) *Crane v. State*, 294 Ga. App. 321, 325 (2) (670 SE2d 123) (2008).

[18] *Kania v. State*, 280 Ga. App. 356, 359 (3) (634 SE2d 146) (2006).

[19] (Punctuation omitted.) *Washington v. State*, 295 Ga. App. 586, 588 (1) (672 SE2d 665) (2009).

[20] *Lawton v. State*, 281 Ga. 459, 463 (3) (640 SE2d 14) (2007).

[21] See *Kania*, 280 Ga. App. at 359 (3).

[22] See *Washington*, 295 Ga. App. at 588 (1).

[23] See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

statement was merely a passing reference to Burden's criminal history, and because the statement was not responsive to defense counsel's question, trial counsel's performance was not deficient as a motion for mistrial was meritless.[24] Even assuming it was, however, Burden cannot establish that there is a reasonable probability the outcome of the trial would have been different if counsel had moved for a mistrial with regard to the statement because Hall and Spoltman both identified Burden as their attacker, and Burden was arrested with a bloodied mouth, in a suspicious location, while carrying $130, which was the same amount of money Spoltman had been carrying at the time he was robbed.[25]

5. Burden argues that the trial court erred by sustaining the State's two objections to his closing argument. The applicable portion of the closing proceeded in this manner:

> [DEFENSE COUNSEL]: . . . [b]ut all that means is that if you have a doubt that you can articulate a reason for. If you're thinking the reason that I think that Mr. Burden didn't commit this crime, the reason I have a doubt is because this police investigation was —
>
> [STATE]: Objection, Your Honor, and I hate to object, but his opinion as to whether or not his client is guilty or innocent is irrelevant.
>
> [TRIAL COURT]: The objection is sustained. You can't state your opinion. You can submit to the jury what the evidence has shown in your closing argument. You may continue.
>
> [DEFENSE COUNSEL]: Yes, sir, Judge. . . . You all haven't had the chance to actually learn anything about Mr. Burden, but I think there is at least one advantage to that situation which is that Mr. Burden really could be anyone. I mean it's pretty easy to put yourself in Mr. Burden's place.
>
> [STATE]: Objection, Your Honor.
>
> [TRIAL COURT]: The objection is sustained. That's inappropriate argument, [counsel]. Please continue. You can never ask the jury to put themselves in somebody else's position.

---

[24] See *Washington*, 295 Ga. App. at 588 (1); *Kania*, 280 Ga. App. at 359 (3); *Warren v. State*, 289 Ga. App. 481, 489 (7) (e) (657 SE2d 533) (2008) ("trial counsel's failure to pursue a meritless motion is not evidence of ineffective assistance").

[25] See *Patterson v. State*, 274 Ga. App. 341, 345 (4) (d) (618 SE2d 81) (2005) (denying ineffective assistance of counsel claim based on failure to request a mistrial for the improper admission of character evidence because of the strength of evidence of the defendant's guilt).

An attorney is entitled to argue all reasonable inferences arising from the evidence presented in the trial. . . . A presumption of harm requiring the grant of a new trial accompanies the abridgement of the right to make a closing argument, and that presumption is overcome when the denial of the right is not complete and only in those extreme cases in which the evidence of a defendant's guilt is so overwhelming that it renders any other version of events virtually without belief.[26]

The trial court correctly sustained the State's second objection during Burden's closing because defense counsel improperly asked the jurors to put themselves in Burden's place.[27] Furthermore, it is correct that counsel may not inject their opinion into closing argument, so the trial court properly sustained the State as to the first objection as well.[28] To the extent that defense counsel was not stating his personal opinion and, instead, was discussing the conclusions that the jurors could have been drawing in their own minds about the case, nothing in the trial court's ruling prevented counsel from rewording his argument to make that point.[29] Thus, any error by the trial court is harmless because Burden's right to make a closing argument was not abridged and considering the other evidence of Burden's guilt, it is unlikely that the trial court's error in sustaining the objection affected the outcome of the case.[30]

6. Burden maintains that he was denied a fair trial because his attorney advised him not to call certain witnesses in his defense. However, Burden "has not demonstrated that counsel's failure to call [those] witnesses . . . constituted deficient performance" because he fails to explain who these witnesses were or to supply this Court with the subject matter of their expected testimony.[31] Therefore, he cannot meet the *Strickland* standard in order to establish that counsel's performance was ineffective.

7. Finally, Burden argues that (1) he was denied a fair trial because the judge had prosecuted him in a previous case, and (2) he was denied a fair trial because one of the jurors was the sister of his former girlfriend, who had participated in a previous case in which he was charged with armed robbery. "It is well established that the

---

[26] (Punctuation omitted.) *Palma v. State*, 280 Ga. 108, 110 (2) (624 SE2d 137) (2005).

[27] See *Braithwaite v. State*, 275 Ga. 884, 894 (572 SE2d 612) (2002).

[28] See *Woods v. State*, 275 Ga. 844, 848 (3) (c) (573 SE2d 394) (2002).

[29] Additionally, we note that only the portions of the closing argument immediately before the objections were provided in the record, so defense counsel may have reworded his argument in order to permissibly make his point to the jury.

[30] See *Palma*, 280 Ga. at 110 (2).

[31] *Crane*, 294 Ga. App. at 325 (1) (b) (iv).

failure to object in the trial court constitutes a waiver of a party's right to raise a matter on appeal."[32] Burden did not raise these issues before the trial court, and accordingly, he has waived his right to raise these issues on appeal.

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 5, 2009.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney, Deshala D. Bray, Assistant District Attorney*, for appellee.

---

[32] *Hargett v. State*, 285 Ga. 82, 83 (3) (674 SE2d 261) (2009).