## A10A0628. HAMRICK v. THE STATE.

(696 SE2d 403)

DOYLE, Judge.

After a jury trial, Darryl Duane Hamrick was found guilty of felony sexual battery[1] as the lesser included offense to the indicted charge of child molestation.[2] Hamrick appeals, arguing that (1) the trial court erred by refusing to grant a mistrial following the admission of improper character evidence; (2) the trial court erred by failing to grant one of Hamrick's requests to charge; and (3) the evidence was insufficient to support the verdict. For the following reasons, we affirm.

1. Hamrick argues that the evidence was insufficient to support the verdict. We disagree.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination on the proper weight and credibility to be given the evidence.[3]

So viewed, the evidence presented at trial established that D. D., who was Hamrick's nine-year-old neighbor, was playing at the neighborhood pool while Hamrick was also there. D. D. testified that Hamrick "touched [him] on the private part."[4] D. D. explained that Hamrick bit him on the shoulder and then Hamrick used his hand to "squeez[e D. D.]" underneath his swim trunks. D. D. told Hamrick to stop, and Hamrick released D. D. when his mother called him.

"[A] person commits the offense of sexual battery . . . when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person,"[5] and it is considered a felony when the victim is under the age of 16.[6] Based on the facts as stated above, the jury was authorized to find

---

[1] OCGA § 16-6-22.1 (b), (d).

[2] OCGA § 16-6-4 (a) (1).

[3] (Punctuation and footnote omitted.) *Burden v. State*, 296 Ga. App. 441, 442 (1) (674 SE2d 668) (2009). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] At trial, D. D. mostly used the term "peanuts" to indicate the male sex organ; however, during cross-examination D. D. used the term "private part," which term he also used during his video-recorded forensic interview. The interview was played for the jury, and D. D. indicated with the use of an anatomical drawing that "private part" meant the male sex organ.

[5] (Punctuation omitted.) *Strickland v. State*, 223 Ga. App. 772, 774 (1) (a) (479 SE2d 125) (1996).

[6] See OCGA § 16-6-22.1 (d).

Hamrick guilty of sexual battery.[7] Hamrick contends that for a number of reasons, the jury should have disbelieved D. D.'s testimony; however, it is the jury's role, and not the role of this Court, to assess witness credibility.[8] Hamrick also argues that lack of physical evidence, lack of a videotape from the pool-side camera, and lack of testimony from a mandatory reporter show that the evidence was insufficient to support the guilty verdict. Nevertheless, the testimony of one witness is sufficient to sustain a verdict, and D. D.'s testimony is sufficient here.[9] Accordingly, Hamrick's contention is without merit.

2. Hamrick contends that the trial court erred by refusing to grant a mistrial following the admission of improper character evidence.

"We review the denial of a motion for a mistrial for abuse of discretion, and will reverse only if a mistrial is essential to the preservation of the defendant's right to a fair trial."[10]

The testimony that prompted Hamrick to move for mistrial consisted of a recorded telephone conversation between Hamrick and his mother, which was made while Hamrick was in jail prior to trial. The State cued the recording incorrectly and played before the jury a portion of the conversation that included Hamrick's mother stating, "because it's on your record," in response to why he should not be disappointed if he was denied bond.

Based on the circumstances, we discern no abuse of discretion in the trial court's denial of the motion for mistrial. "A passing reference to a defendant's record does not put his character into issue."[11] The comment was fleeting and was not a direct comment about Hamrick's criminal history. In fact, Hamrick's mother "did not comment on the content of [Hamrick]'s criminal record or even say, with certainty, that one did or did not exist."[12] Accordingly, this enumeration is without merit.

3. Finally, Hamrick argues that the trial court erred by refusing to charge the jury regarding OCGA § 19-7-5, which requires certain individuals to report allegations of child abuse.[13] Hamrick has cited

---

[7] See, e.g., *Helton v. State*, 268 Ga. App. 430, 431 (1) (602 SE2d 198) (2004).

[8] See *Burden*, 296 Ga. App. at 442 (1).

[9] See *Foster v. State*, 286 Ga. App. 250, 252 (1) (649 SE2d 322) (2007) ("[The defendant] makes much of the fact that there was no corroborating evidence, but it is not necessary to find corroborating evidence to uphold a conviction of [sexual battery] as the victim's testimony, in and of itself, is sufficient to authorize a conviction.").

[10] (Punctuation omitted.) *Walker v. State*, 296 Ga. App. 531, 536 (2) (675 SE2d 270) (2009).

[11] (Punctuation omitted.) Id. at 537 (2) (a).

[12] *Burden*, 296 Ga. App. at 446 (4) (a).

[13] See *O'Heron v. Blaney*, 276 Ga. 871, 872-873 (1) (583 SE2d 834) (2003).

no authority in support of his proposition that the trial court erred in refusing to give the instruction. Moreover, the individual whom Hamrick alleged failed to report the abuse as required by the statute was not a witness at trial, and the issue was irrelevant to the jury's determination of Hamrick's guilt. "Therefore, any instruction on this issue had the potential to mislead the jury, and the trial court did not err by refusing to give this charge."[14]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 10, 2010 —

*Lucas O. Harsh*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.

---

[14] *Lightning v. State*, 297 Ga. App. 54, 59 (4) (676 SE2d 780) (2009).