## A10A1702. MILLER v. THE STATE.

(705 SE2d 697)

DILLARD, Judge.

Following a jury trial, Kenny Miller was convicted on one count of robbery. On appeal, Mr. Miller challenges his conviction on the ground that the trial court erroneously authorized the jurors to compare and discuss the notes they had taken during the course of the trial while deliberating his fate. We find no error and affirm his conviction.

On appeal from a criminal conviction, we review the evidence in the light most favorable to the verdict, "giving deference to the jury's determination on the proper weight and credibility to be given the evidence."[1] So viewed, the evidence showed that on the evening in question, the victim, an elderly woman, was leaving an H&R Block store when a juvenile in a white-hooded sweatshirt grabbed her purse containing $1,600, jumped into the passenger seat of a red vehicle, and then fled the scene. The victim observed and then reported the license plate number of the getaway vehicle to the police. A subsequent investigation revealed that this vehicle was registered to Mr. Miller's mother and that Miller was driving the car at the time of the robbery. Miller, a juvenile, and a third individual were later arrested and charged with robbery and conspiracy to commit robbery. The juvenile — who had already entered a guilty plea in juvenile court — testified against Miller and implicated him as his co-conspirator in the crime.[2] Miller was ultimately found guilty.

Mr. Miller's sole contention on appeal is that the trial court erred in instructing the jurors "to collectively share their ideas and share [their] notes [taken during the course of the trial]" while deliberating his fate. Specifically, he argues that this instruction violated the continuing witness rule, which allows litigants to object to certain written evidence going into the jury room on the ground that "it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once."[3]

Mr. Miller's claim of error is waived, however, because he failed to object to the trial court's directive at the time it was given.[4] But

---

[1] *Burden v. State*, 296 Ga. App. 441, 442 (674 SE2d 668) (2009) (citation and punctuation omitted); *see also Overton v. State*, 295 Ga. App. 223, 225 (671 SE2d 507) (2008) (same).

[2] The third defendant was tried with Mr. Miller, but after the jury declared that it was deadlocked as to the charges against him, the trial court declared a mistrial.

[3] *Davis v. State*, 285 Ga. 343, 348 (8) (676 SE2d 215) (2009) (punctuation omitted); *see also Sims v. State*, 275 Ga. App. 836, 839-40 (3) (621 SE2d 869) (2005) (same).

[4] *See, e.g., Varner v. State*, 297 Ga. App. 799, 804 (4) (678 SE2d 515) (2009) (holding that a continuing witness objection is waived if not timely asserted); *Griffin v. State*, 243 Ga. App. 282, 286 (6) (531 SE2d 175) (2000) (same).

even in the absence of such a waiver, it is well established that a trial court has discretion to authorize jurors to take notes during the course of a trial and to refer back to them during their subsequent deliberations.[5] Juror notes, then, are not subject to a continuing witness objection, which pertains to documents that "contain their makers' assertions of purported truths [and] are ascribed evidentiary value only to the extent that their makers are credible[,]" such as "answers to written interrogatories, written dying declarations, and signed statements of guilt."[6] In sum, notes reflecting an attentive juror's recollection or interpretation of the evidence presented during a trial — which are not evidence and have no evidentiary value — do not fall within the contemplated scope of the continuing witness objection.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

### DECIDED JANUARY 21, 2011.

*Raymond B. Lakes III, Victoria L. Novak*, for appellant.
*Julia Fessenden Slater, District Attorney, Douglas L. Breault, Assistant District Attorney*, for appellee.

---

[5] *See Denson v. State*, 149 Ga. App. 453, 455 (3) (254 SE2d 455) (1979) (holding that "[i]t was not error to allow the jurors to take notes during the trial and to refer to these notes during their deliberations"); *see also Potts v. State*, 259 Ga. 96, 104 (21) (376 SE2d 851) (1989) (same); *Thomas v. State*, 90 Ga. 437, 437 (16 SE 94) (1892) (same); *White v. State*, 137 Ga. App. 9, 10 (1) (223 SE2d 24) (1975) (same).

[6] *Sims*, 275 Ga. App. at 840 (3); *see also Bryant v. State*, 270 Ga. 266, 270-71 (3) (507 SE2d 451) (1998) ("The continuing witness rule prohibits writings from going out with the jury when the evidentiary value of such writings depends on the credibility of the maker." (punctuation omitted)).