# Court of Appeals
# of the State of Georgia

ATLANTA,__ March 17, 2014__

*The Court of Appeals hereby passes the following order:*

## A14A1183. JAMES OTIS BURDEN v. THE STATE.

James Otis Burden was found guilty of two counts of armed robbery in 2006 and was sentenced to life without parole pursuant to OCGA § 17-10-7. We affirmed his convictions. See *Burden v. State*, 296 Ga. App. 441 (674 SE2d 668) (2009). Over four years later, Burden moved to vacate his sentence. The trial court denied the motion, and Burden filed this appeal. We lack jurisdiction.

A direct appeal lies from the denial of a motion to vacate a void sentence when the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence, however, is void only if the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-OCGA §17-10-1 (f) sentence modification." (Citation and punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

Burden does not contend that his sentence exceeds the legal limits. Instead, he argues that the trial court erred in sentencing him without a presentence hearing and the state failed to inform him of the evidence it intended to use in aggravation of his sentence. These arguments do not raise a valid or colorable void sentence claim. See *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004); *Coleman*, supra. Accordingly, we lack jurisdiction to consider Burden's appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,* 03/17/2014

    *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____ , *Clerk.*