# Court of Appeals
# of the State of Georgia

ATLANTA,  March 16, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0320.  JONATHAN J. SERCHION v. THE STATE.**

Jonathan Serchion was found guilty of one count of armed robbery, four counts of aggravated assault, one count of aggravated battery, two counts of burglary, and one count of possession of a firearm or knife during the commission of a felony.  We affirmed his convictions on appeal.  *Serchion v. State*, 293 Ga. App. 629 (667 SE2d 624) (2008).  Back in the trial court, Serchion filed an extraordinary motion for new trial, which the trial court granted.  He then pled guilty to one count of armed robbery and one count of aggravated assault, and the State nolle prossed the remaining charges from the original indictment.  The trial court sentenced Serchion consecutively to twenty years for the armed robbery, followed by ten years for the aggravated assault.  Serchion subsequently filed a "Motion to Correct Void and Illegal Sentence," which the trial court denied.  He now seeks discretionary review in this Court.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically

because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his motion, Serchion did not argue that his sentence exceeded legal limits. Rather, he claimed that the trial court lacked jurisdiction to accept his guilty plea. This is a challenge to his convictions, not his sentence. See *Harper*, 286 Ga. 216 (defendant's argument that trial court "lacked jurisdiction to hear his case" was a challenge to his conviction). Because Serchion was not entitled to file such a motion, this application is hereby DISMISSED for lack of jurisdiction. See id.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  03/16/2017*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


*, Clerk.*