# Court of Appeals
# of the State of Georgia

ATLANTA,_October 03, 2017_____

*The Court of Appeals hereby passes the following order:*

**A18D0091.  JAMES OTIS BURDEN v. THE STATE.**

James Otis Burden was convicted of two counts of armed robbery in 2006 and sentenced to life without parole as a recidivist pursuant to OCGA § 17-10-7. We affirmed his convictions on direct appeal. See *Burden v. State,* 296 Ga. App. 441 (674 SE2d 668) (2009). In 2014, Burden began challenging his sentence.[1] Most recently, Burden filed a motion to correct a void sentence in which he relied on *State v. Ingram*, 266 Ga. 324 (467 SE2d 523) (1996), disapproved of by *Kimbrough v. State*, 300 Ga. 516 (796 SE2d 694) (2017), to argue that he was not eligible for a sentence of life without parole because the State did not file a notice of intent to seek the death penalty. On March 13, 2017, the trial court dismissed Burden's motion, and he filed a discretionary application in the Supreme Court on August 1, 2017, which transferred the application to this Court. See Case No. S17D2014 (transferred August 24, 2017). We, however, lack jurisdiction.

A direct appeal may lie from an order denying or dismissing a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Ordinarily, we will grant a timely application when the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Here, however, the trial court's order is not subject to direct appeal and Burden's application is not timely.

"Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was

---

[1] In 2014, Burden filed a motion to vacate a void sentence, challenging the procedure employed in imposing his sentence. The trial court denied his motion, and he filed a direct appeal in this Court, which was dismissed for failure to state a valid void-sentence claim. See Case No. A14A1183 (dismissed March 17, 2014). In 2016, Burden filed a motion to correct a void sentence, which the trial court dismissed.

imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). But our precedent is clear that *Ingram* does not prohibit recidivist sentences of life without parole imposed under OCGA § 17-10-7 and, therefore, such a sentence is not void. See *Kimbrough*, 300 Ga. at 518-520 (3); *Redden v. State*, 294 Ga. App. 879, 881 (2) (670 SE2d 552) (2008). Thus, Burden has failed to raise a valid void-sentence claim.

Furthermore, a discretionary application must be filed within 30 days of entry of the judgment sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989); accord *In the Interest of B. R. F.*, 338 Ga. App. 762, 762 (791 SE2d 859) (2016). Because Burden filed his application in the Supreme Court 141 days after entry of the judgment he seeks to appeal, it is untimely.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,  10/03/2017*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*