## 44027. JOHNSON v. THE STATE.
(351 SE2d 623)

GREGORY, Justice.

Jessie Paul Johnson was convicted of murder and sentenced to life imprisonment.[1] We affirm.

From the evidence adduced at trial, the jury could have found that Johnson and the victim, Terry Bernard Smith, had lived together for approximately a year and a half. The two men constantly quarreled. Their bickering eventually prompted Johnson to move out of Smith's apartment in Bankhead Courts in Atlanta.

On November 7, 1985, Johnson returned to Smith's apartment. Smith gave Johnson money to buy beer, food and marijuana. Linda Armstrong, a resident in the apartment building, went with Johnson to purchase the items.

When Johnson and Armstrong returned, Smith and Johnson began to argue about the amount of money Johnson was to return to Smith. Celestine Armstrong, Linda's 16-year-old daughter, heard the argument and came to the apartment. Smith attempted to leave the apartment, but Johnson grabbed him and pulled him into the kitchen. Celestine saw Johnson stab Smith with a knife.

Smith then ran out of the apartment, and Johnson followed. Neighbors heard the men arguing and saw them scuffle and fall to the ground. Smith went back into his apartment building and collapsed. The Armstrongs called an ambulance, and Johnson gave Smith mouth to mouth resusitation. The evidence showed Smith died because of stab wounds to his chest.

---

[1] The offense was committed and Johnson was arrested on November 7, 1985. Johnson was indicted on January 10, 1986. Johnson was found guilty of murder by a jury on March 5, 1986. A motion for new trial was denied on September 19, 1986. The transcript of the trial was certified on October 30, 1986, and the case was docketed in this court on November 3, 1986. The case was submitted on briefs for decision on December 19, 1986.

At his trial, Johnson testified that Smith had slammed his head into a sink in the apartment, and that Johnson had struck Smith in retaliation. Johnson denied having a knife or stabbing Smith. In a statement to police after his arrest, Johnson said Smith had been carrying a knife and accidentally stabbed himself during the fracas.

1. Johnson contends the evidence produced at trial was insufficient to support his conviction. However, a review of all of the evidence in the light most favorable to the jury's verdict shows that a rational trier of fact could have found Johnson guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Johnson also contends the State was allowed to improperly inject his character into evidence. While testifying about events surrounding Johnson's arrest, a police officer stated, ". . . [T]ickets were (written) up and he was sent over to the pretrial detention center, and I went to our identification section and pulled his records. . . ." The witness said nothing further about the contents of the records or any previous convictions or arrests.

This court has previously held that a passing reference to a defendant's record does not place his character in evidence. *Ogles v. State*, 238 Ga. 716 (235 SE2d 384) (1977). See also *Cochran v. State*, 177 Ga. App. 471 (3) (339 SE2d 749) (1986); *Bell v. State*, 162 Ga. App. 527 (1) (292 SE2d 114) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 1987.

*Drew R. Dubrin*, for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn, Assistant Attorney General*, for appellee.