A89A0253. HARRIS v. THE STATE.
(381 SE2d 602)

POPE, Judge.

Defendant appeals his conviction for burglary, arguing that certain statements made by witnesses for the prosecution improperly placed his character into evidence.

A police officer testified that she obtained a photograph of defendant, for a photographic lineup shown to the victim, from the Atlanta Police Department's identification section. Introduction into evidence of a "mug shot" photograph of a defendant bearing notations which indicate a prior arrest "is the equivalent of oral testimony establishing [defendant's] arrest for a prior crime and would therefore impermissibly place his character in evidence." *Roundtree v. State*, 181 Ga. App. 594 (353 SE2d 88) (1987). However, a mere reference to the fact that defendant's photograph was already in police records, without more, does not inject the defendant's character into evidence. *Woodard v. State*, 234 Ga. 901 (2) (218 SE2d 629) (1975); *Woodard v.*

*State*, 155 Ga. App. 533 (1) (271 SE2d 671) (1980).

During questioning concerning the circumstances of defendant's arrest, the officer made a non-responsive statement that he noted on his arrest report the strong odor of alcohol on defendant's breath. The court denied defendant's motion for mistrial, but gave curative instructions to the jury to disregard the statement. A non-responsive reference by an officer-witness to criminal conduct of the defendant may be so prejudicial as to require mistrial. See *Boyd v. State*, 146 Ga. App. 359 (2) (246 SE2d 396) (1978). However, the fact that defendant had alcohol on his breath is not a reference to criminal conduct. The decision of whether a non-responsive prejudicial statement by a police officer at trial is so prejudicial as to warrant a mistrial is left to the discretion of the trial court and the court's denial of a motion for mistrial will be overturned only if the trial court abused its discretion. *Sabel v. State*, 250 Ga. 640 (5) (300 SE2d 663) (1983). An objectionable non-responsive statement by a police officer at trial does not require the granting of a mistrial where, as here, there was strong evidence to support the conviction and where the trial court gave curative instructions. Id.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 25, 1989.

*John J. Martin, Jr.*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.