A90A1332. HAMILTON v. THE STATE.
(395 SE2d 357)

DEEN, Presiding Judge.

David Hamilton was convicted of six counts of violation of the Georgia Controlled Substances Act (sale of cocaine to an undercover

police officer). At trial, he admitted all the sales and raised entrapment as his sole defense. On appeal, Hamilton contends that his motion for a mistrial was improperly denied because the State improperly placed his character in evidence. *Held*:

The chief of police testified that he gave the undercover officer "a stack of photographs from [police] files to use should he buy drugs to assist him in making identification." The chief stated that this action was necessary because he feared that the officer's identity would be revealed if he were seen entering and/or leaving the police station every time he made a drug purchase and wanted to identify the seller. The photographs were described by the undercover officer as "large bundles of police photographs that were on file in the police department of various people in our community." The officer identified the photograph of the defendant, which he found in the bundles, and the State tendered it into evidence. It was withdrawn after Hamilton moved for a mistrial in the presence of the jury.

At no point were the photographs identified as being those of suspected drug dealers, and the photograph in question was not shown to the jury. Counsel for the defendant did not request the court to give curative instructions to the jury, although he did renew his motion after the court's ruling. When appellant testified, he admitted the sales and also admitted being a drug addict and an alcoholic, and having made the sales to support his own habit.

None of the cases relied upon by appellant supports his position that the photographs placed his character in issue. In *Creamer v. State*, 229 Ga. 704 (194 SE2d 73) (1972) and *Fleming v. State*, 236 Ga. 434 (224 SE2d 15) (1976), a "mug shot" was held not to place the defendant's character in issue. In *Woodard v. State*, 234 Ga. 901 (218 SE2d 629) (1975), a statement that a detective decided to pull some pictures of the defendant from police files did not place his character in issue. See also *Harris v. State*, 191 Ga. App. 399 (381 SE2d 602) (1989), wherein the court relied on *Woodard*, and held that an officer's testimony that she obtained a photograph of the defendant from the police department's identification section did not impermissibly place defendant's character in issue.

Reference to the photograph in question did not place the defendant's character in issue, and the court did not err in denying the motion for a mistrial. It was not referred to as a "mug shot" but was described as merely being in a bundle of photographs on file in the department of various members of the community.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JUNE 19, 1990.

*L. Clark Landrum, Norman J. Crowe, Jr.*, for appellant.

*David E. Perry, District Attorney, Ronnie Wheeler, Assistant District Attorney,* for appellee.