S91A1063. JACKSON v. THE STATE.
(410 SE2d 115)

HUNT, Justice.

Willie James Jackson robbed Frederick Christian and Teretha Bright, attempted to rob Sandra Strozier, and then shot and killed Kenneth Connor with a handgun. He was convicted by a jury of malice murder, felony murder, aggravated assault, and two counts of armed robbery. He was given consecutive life sentences for murder and one of the armed robbery convictions, and 20 years each, to be served concurrently with the life sentences, for the remaining armed robbery and aggravated assault convictions.[1] Jackson appeals, contending the trial court erred by: admitting into evidence two incidents introduced by the state as prior similar transactions; sustaining the City of Atlanta's motion to quash his subpoena seeking access to a police department internal affairs file; permitting testimony about

---

[1] The crimes were committed on January 1, 1990. Jackson was indicted in Fulton County on April 10, 1990. Following a jury trial, on August 31, 1990, Jackson was convicted on all counts contained in the indictment. On September 7, 1990, the trial court merged the felony murder conviction with the malice murder conviction and sentenced Jackson. The transcript was certified by the court reporter on October 11, 1990. Jackson's motion for new trial, filed October 5, 1990, was denied on February 21, 1991. A notice of appeal was filed March 22, 1991. The appeal was docketed in this court on April 30, 1991, and orally argued on September 11, 1991.

photographs used in the photographic identification of the defendant; denying Jackson's motion for mistrial; and by precluding Jackson from offering evidence of a demonstration.

1. The evidence is sufficient to permit a rational trier of fact to find Jackson guilty of malice murder, felony murder, both counts of armed robbery, and aggravated assault, all beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err by admitting, as a similar transaction, evidence of a prior handgun homicide committed by Jackson. *Smith v. State*, 261 Ga. 163 (2) (403 SE2d 38) (1991). Jackson also contends error in the trial court's allowing, as a similar transaction, evidence of a police stop of Jackson for a traffic offense in which the officers discovered a handgun, sawed-off shotgun, and two masks in the car. The state argues the trial court correctly admitted the incident as showing Jackson's propensity to have a handgun. Although we find tenuous the connection between the crimes involved in this appeal and those in the traffic incident, in view of the overwhelming evidence against Jackson, we conclude any error in the admission of this evidence was harmless. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

3. The trial court properly found irrelevant the internal affairs file of the homicide detective initially in charge of investigating the case. Accordingly, we find no error in the trial court's grant of the city's motion to quash Jackson's subpoena seeking access to the file. *Cargill v. State*, 255 Ga. 616, 638 (340 SE2d 891) (1986).

4. We find no merit to Jackson's contention that because the state did not produce the photographic arrays presented to three state witnesses, the trial court erred by denying his motion to suppress the testimony of those witnesses concerning their identification from the array. The record supports the trial court's finding that the arrays were presented properly, and that the witnesses selected Jackson out of the photographic line-up independently, and without suggestion. See *Daniel v. State*, 185 Ga. App. 228, 230 (2) (363 SE2d 634) (1987). Under these circumstances, there was no likelihood of a misidentification of Jackson from the arrays, and the trial court did not err in denying his motion to suppress. *Neil v. Biggers*, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972); *Cooper v. State*, 260 Ga. 549 (2 b) (397 SE2d 705) (1990).

5. Contrary to Jackson's contention, testimony by a police detective that the detective had checked a photograph and history of Jackson while at the police bureau did not place Jackson's character in issue. *Jones v. State*, 250 Ga. 166, 169 (3) (296 SE2d 598) (1982); *Woodard v. State*, 234 Ga. 901 (2) (218 SE2d 629) (1975). Compare *Stanley v. State*, 250 Ga. 3 (1) (295 SE2d 315) (1982). The trial court

did not abuse its discretion in denying Jackson's motion for a mistrial on this issue.

6. Jackson contends the trial court erred by precluding his presentation of a demonstration intended to discredit state witnesses regarding the manner in which the shooting occurred. The trial court did not abuse its discretion in determining the demonstration to be without sufficient foundation and disallowing its admission in evidence. *West v. State,* 200 Ga. 566, 571 (2) (37 SE2d 799) (1946).

*, Judgment affirmed. All the Justices concur, except Smith, P. J., who dissents as to Division 2 and the judgment.*

DECIDED NOVEMBER 21, 1991 —
RECONSIDERATION DENIED DECEMBER 4, 1991.

*John A. Pickens, Douglas B. Ammar,* for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.