A05A2008. BROWN v. THE STATE.
(627 SE2d 136)

ADAMS, Judge.
Angela Brown was convicted of nine counts of financial transaction card theft, one count of identity fraud and twelve counts of forgery in the second degree. She appeals following the denial of her motion for new trial.

1. Brown first challenges the sufficiency of the evidence as to her conviction for financial transaction card theft, arguing that the State

---

failed to prove beyond a reasonable doubt that she was in possession of the cards at the time they were discovered during a search pursuant to a warrant, and that the State failed to prove that the cards came within the definition of a financial transaction card set forth in OCGA § 16-9-30.

(a) Pursuant to OCGA § 16-9-31 (a) (1), "[a] person commits the offense of financial transaction card theft when: (1) [h]e takes, obtains, or withholds a financial transaction card from the person, possession, custody, or control of another without the cardholder's consent. . . ."

Brown argues that "spatial proximity," i.e., being present in the apartment where the cards were found, was insufficient to establish her possession of the cards, and thus the evidence was insufficient to establish she withheld the cards from their owners. But her presence at the scene was not the only evidence presented at trial to prove this offense. Rather, the evidence also showed that Brown and her co-defendant William Middlebrooks had been identified by DeKalb County investigators as the primary suspects in an identity theft investigation involving First Union Bank documents and accounts, and based on that investigation, they obtained a no-knock search warrant for the Fayette County address where they believed Brown and Middlebrooks were residing. Brown and Middlebrooks were both present when officers executed the warrant, and Brown identified herself at that time as Angela Middlebrooks. The search resulted in the seizure of First Union Bank documents, multiple counterfeit driver's licenses and identification cards issued to different names, and credit and bank cards from various banks issued in different names, most of which were found in the master bedroom of the apartment inside a newspaper.

Brown's reliance on cases involving spatial proximity and sufficiency issues in drug possession and trafficking cases is misplaced, since in those cases possession of the contraband is an essential element that must be proved in order to sustain the conviction, and nothing else in those cases pointed to the suspects' involvement in the crime other than their presence. Although Brown attempts to equate the word "withhold" as used in OCGA § 16-9-31 (a) (1), with possession, there is simply no authority for this proposition, and simply no merit to Brown's argument that the evidence was insufficient because she was not in actual physical possession of the cards at the time they were discovered.

(b) Brown also contends the State failed to prove that the cards found in the apartment were financial transaction cards as defined by OCGA § 16-9-30 (5). A financial transaction card is defined, in relevant part, as any credit card, credit plate, bank services card, banking card, check guarantee card, debit card, or by any other name

that is used for, among other things, obtaining money, goods, services or anything of value, making deposits of money or checks, withdrawing funds and transferring funds. Brown argues that the State failed to prove the cards recovered during the search were financial cards within the meaning of the statute because the owners of the cards did not specifically testify that they used their ATM, credit and banking cards for the purpose of withdrawing funds or obtaining goods or services. This argument is also without merit. The transcript shows that the owners of the cards testified at trial and referred to the cards as credit cards, bank cards and other descriptions used in the statute. The owners also testified that they did not give Brown or Middlebrooks permission to possess the cards. Moreover, the cards were introduced into evidence at trial and thus were identifiable by the jury as being within those included in the statute. This contention is also without merit.

The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Brown also argues that the State impermissibly placed her character into evidence when the officer who executed the warrant testified that prior to obtaining the no-knock warrant officers had conducted a criminal record check of Brown and Middlebrooks. Following a lengthy discussion with defense counsel, the trial court ruled the response was just a passing reference to character in that the officer testified only that he conducted a criminal record check, and that his testimony did not specifically indicate that Brown had any sort of criminal record. The trial court also ruled that the comment was not an intentional attempt to place the defendants' character into evidence, although the court did admonish the witness to refrain from making such comments, and limited the State's questioning about the issuance of the warrant to avoid any possible error. Lastly, the court noted that it was not offering curative instructions because defense counsel argued that such an instruction would be more prejudicial than beneficial.

We agree that under the circumstances outlined above, the trial court did not abuse its discretion in denying the motion for mistrial based on this testimony. *Fulton v. State*, 278 Ga. 58, 61 (6) (597 SE2d 396) (2004); *Johnson v. State*, 256 Ga. 604, 605 (2) (351 SE2d 623) (1987); *Ogles v. State*, 238 Ga. 716 (235 SE2d 384) (1977); *Hubbard v. State*, 259 Ga. App. 275, 278 (4) (576 SE2d 663) (2003); *Grant v. State*, 161 Ga. App. 403, 403-404 (2) (288 SE2d 118) (1982).

3. Lastly, Brown challenges the denial of her motion to suppress the evidence found during the execution of the search warrant because the State failed to disclose that an informant provided the information used to secure the search warrant. However, this argument mischaracterizes the evidence presented at the motion to

suppress hearing. The person characterized by Brown as an "informant" was a fraud investigator with First Union Bank, Wendy Chapman, who contacted authorities about problems with some of the bank's large customer accounts. Chandra Sukhanath, an investigator with the DeKalb County Solicitor-General's Office, and a POST-certified police officer, was the primary investigator in the case and presented the application and affidavit for the warrant to the issuing judge. The fact that Investigator Chapman and others from First Union Bank provided information to Sukhanath and assisted in the investigation was made plain in the warrant application. Moreover, Sukhanath's testimony showed that she also investigated the case, and that the affidavit and application were not just based on information that was relayed to her by Chapman or others. The trial court did not err in denying the motion to suppress under these circumstances.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 7, 2006.

*John A. Beall IV*, for appellant.

*William T. McBroom, District Attorney, Cindy L. Spindler, Assistant District Attorney*, for appellee.