## A07A0659. JOHNSON v. THE STATE.
### (646 SE2d 760)

ADAMS, Judge.

Terrence Jerome Johnson appeals his conviction and sentence on multiple offenses arising out of an armed robbery. He enumerates three errors.

1. Johnson, who did not testify in his own defense, contends the trial court erred by denying his motion for mistrial based on testimony that he claims put his character in issue in violation of OCGA § 24-2-2. An officer testified that he had seen a picture of someone who resembled Johnson "during the probation hearing." There had been no other reference to a probation hearing at that point in the trial, and it was not clear whose probation hearing was meant. Following the statement, defense counsel moved for a mistrial, and the trial court denied the motion and the renewed motion. Defense counsel did not request a curative instruction, and the trial continued. The Supreme Court of Georgia has held that "a passing reference to a defendant's criminal record does not suffice to put his character in evidence so as to violate OCGA § 24-2-2. *Johnson v. State*, 256 Ga. 604 (2) (351 SE2d 623) (1987)." *Height v. State*, 281 Ga. 727, 730 (4) (642 SE2d 812)

---

[7] (Punctuation and footnote omitted.) *Graivier v. Dreger & McClelland*, 280 Ga. App. 74, 77 (1) (a) (i) (633 SE2d 406) (2006).

(2007). Without more, we find no error. See *Johnson*, 256 Ga. at 605 (2); *Burton v. State*, 263 Ga. 725, 726-727 (2) (438 SE2d 83) (1994) (denial of mistrial affirmed where witness made passing reference to probation that did not reference the defendant specifically).

2. Johnson contends the court erred by giving a limiting instruction with regard to certain testimony and that the State intimidated witnesses into not appearing. But these "enumerations of error are not supported in his brief by citations to authority nor by proper reference to the record, as required by Court of Appeals Rule 25 (a) (1) and (3) and (c) (3) (i) and (iii), and are therefore deemed abandoned, as provided in Court of Appeals Rule 25 (c) (2)." *Morris v. Pugmire Lincoln Mercury*, 283 Ga. App. 238, 242 (3) (641 SE2d 222) (2007).

3. Finally, Johnson contends the trial judge indicated that he understood he had no discretion when sentencing under the recidivist statute and that therefore the court erred by sentencing Johnson to the maximum time to serve for each count pursuant to OCGA § 17-10-7 (c).

The State presented evidence indicating that Johnson had three prior felony offenses, and sought recidivist sentencing pursuant to OCGA § 17-10-7 (c). That statute mandates that a defendant convicted of a fourth felony "must . . . serve the *maximum time provided in the sentence of the judge*" and "shall not be eligible for parole until the maximum sentence has been served." (Emphasis supplied.) OCGA § 17-10-7 (c). The trial judge clearly stated that he believed he had to give the longest sentence available for the crimes charged.

This enumeration is controlled by case law holding that under OCGA § 17-10-7 (c), the trial court does retain discretion to sentence within the minimum and maximum sentence provided for the crime charged and that in this situation the case must be remanded for resentencing. See *Blevins v. State*, 270 Ga. App. 388, 394 (5) (606 SE2d 624) (2004); *Scott v. State*, 248 Ga. App. 542 (545 SE2d 709) (2001).

*Judgment affirmed; sentence vacated and case remanded for resentencing. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 29, 2007.

*Teddy L. Henley*, for appellant.
*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.