### A09A0601. YOUNG v. THE STATE.
(676 SE2d 854)

ELLINGTON, Judge.

A Fulton County jury found Nicklaus Young guilty beyond a reasonable doubt of armed robbery, OCGA § 16-8-41. Following the denial of his motion for a new trial, Young appeals, contending the trial court erred in denying his motion for a mistrial based on the unauthorized admission of evidence that he had a criminal history. Finding no error, we affirm.

OCGA § 24-2-2 provides that "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."

> When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. Whether the statements are so prejudicial as to warrant a mistrial is within the trial court's discretion. A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.

(Citation and punctuation omitted.) *Agee v. State*, 279 Ga. 774, 777 (4) (621 SE2d 434) (2005).

The victim in this case, a taxi driver, testified that his company received a call to pick up a passenger at an apartment complex in College Park at approximately 1:00 a.m. on January 14, 2003. He drove to the complex in about ten minutes and called the passenger's telephone number to announce his arrival. Two men then flagged him down. A few minutes into the ride, the shorter and darker-skinned of the two men received a telephone call and then told the

victim that they needed to return to the apartment to retrieve something. When the victim stopped at the apartment, the shorter and darker-skinned man pulled a gun and demanded the victim's money, then the taller and lighter-skinned man also pulled a gun. The robbers searched the victim and his taxi and took the victim's cash, wallet, and jewelry. The robbers then fled in a car.

Soon after the robbery, investigators learned that the cellular telephone used to call for the taxi was Young's telephone. The records for that telephone number showed a call to the taxi company at 1:01 a.m. on the night of the robbery. The telephone also received incoming calls at 1:15 a.m. and 1:20 a.m.

Three weeks after the robbery, the victim viewed two photographic lineups that included Young's photograph, and he identified Young as one of the robbers in both lineups. The victim also identified Young in court as the robber who told him to return to the apartment complex and who first pulled a gun on him and demanded his money.

Young contends that the trial testimony of an investigator implied that he had a criminal history and, therefore, that the trial court erred in denying his motion for a mistrial based on the improper introduction of character evidence. The record shows that the prosecutor asked the investigator what he did after learning that Young's telephone was used to summon the taxi. The investigator replied that he obtained Young's birth date and "then ran a criminal history on him." Young's attorney objected "to anything further," and the court sustained the objection. Next, the prosecutor asked whether the investigator had prepared a lineup. The investigator responded, "[a]fter I ran a check on him [and] got a criminal — sorry. I got a lineup made up at East Point Police Department and at Atlanta Police Department." The prosecutor asked, "Why two line-ups?" The investigator replied:

> Basically[,] when I got the East Point lineup using their system[,] the pictures [were not] very clear[.] [At] that point I went to Atlanta and got a lineup also[,] and the picture was a lot more clear[ ] than the East Point picture [because] the departments don't use the same systems or the same cameras.

At this point, Young's attorney moved for a mistrial, arguing that the officer's testimony improperly put Young's character into evidence by implying that Young had "been in dealings with the police." The trial court denied Young's motion for a mistrial and instructed the investigator to make no other reference to Young's criminal history or where the investigator had obtained the photographs. Young's

attorney waived the giving of a curative instruction to avoid emphasizing the damaging testimony.

It is well settled that "a passing reference to a defendant's criminal record does not suffice to put his character in evidence so as to violate OCGA § 24-2-2." (Citations and punctuation omitted.) *Johnson v. State*, 285 Ga. App. 590 (1) (646 SE2d 760) (2007). We conclude that the investigator's testimony in this case fell just short of putting Young's character in issue. *Johnson v. State*, 256 Ga. 604, 605 (2) (351 SE2d 623) (1987) (an officer's testimony that, after placing the defendant under arrest, he went to the police department's identification section and "pulled his records" did not place the defendant's character in issue where the officer "said nothing further about the contents of the records or any previous convictions or arrests").[1] Furthermore, applying the factors identified in *Agee v. State*,[2] the trial court was authorized to find that the testimony's impact would be negligible. The testimony did not indicate that Young had been convicted of any crime and did not otherwise specify the nature of his prior dealings with the police. The investigator's testimony hinted only in the most generic way that Young had a criminal history. The content of the statement, therefore, does not weigh heavily in favor of requiring a mistrial. In addition, the other evidence in the case was substantial and very damning, especially the victim's repeated positive identifications as well as the exact correlation between Young's telephone records and the calls placed to the taxi company, received from the victim, and received during the cab ride. The action taken by the court assured, without drawing attention to the improper evidence, that there would be no other references to Young's criminal history. Considering all of the circumstances, we conclude that the trial court did not abuse its discretion in denying Young's motion for a mistrial. *Jackson v. State*, 261 Ga. 734, 735-736 (5) (410 SE2d 115) (1991); *Harris v. State*, 191 Ga. App. 399 (381 SE2d 602) (1989). See generally Jack Goger, Daniel's Georgia Handbook on Criminal Evidence, § 4-40 (2004 ed.).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

---

[1] See *Jackson v. State*, 261 Ga. 734, 735-736 (5) (410 SE2d 115) (1991) (a police detective's testimony that he had checked a photograph and criminal history of the defendant while at the police bureau did not place the defendant's character in issue); *Ogles v. State*, 238 Ga. 716, 716-717 (235 SE2d 384) (1977) (a police officer's testimony that he discovered the true name of the defendant after "check[ing] his record" did not put the defendant's character in issue); *Harris v. State*, 191 Ga. App. 399 (381 SE2d 602) (1989) (a police officer's statement that she obtained a photograph of the defendant for a photographic lineup shown to the victim from the police department's identification section did no more than refer to the fact that the defendant's photograph was already in police records and, therefore, did not inject the defendant's character into evidence).

[2] 279 Ga. at 777 (4).

DECIDED MARCH 31, 2009.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.