## A11A0168. RUSSELL v. THE STATE.
### (707 SE2d 543)

BLACKWELL, Judge.

Eric T. Russell was tried by jury and convicted of several counts of selling and possessing cocaine in violation of OCGA § 16-13-30.[1] He now appeals, asserting that the trial court erred when it denied his motion for a mistrial. We see no error and affirm.

Viewed in the light most favorable to the verdict,[2] the record shows that in 2003, the Georgia Bureau of Investigation was investigating the unlawful distribution of controlled substances in Barrow County. In the course of this investigation, undercover GBI agents purchased controlled substances from local street dealers in Statham on several occasions. The agents made audio and video recordings of each transaction. As a part of this investigation, different teams of agents purchased cocaine from Russell in two, separate transactions on February 22, 2003. The agents made video recordings of both transactions, and these recordings were shown to the jury at trial. Three of the four agents who participated in these transactions testified at trial, and each identified Russell as the man who sold them cocaine on February 22.

Russell testified at trial, where he admitted that he is the man depicted in the video recordings of the February 22 transactions. Russell claimed, however, that he participated in these transactions in his capacity as an informant for the Statham Police Department. To corroborate this claim, Russell called former Statham Chief of Police Brian McCowan as a witness at trial. McCowan confirmed that, after Russell was arrested in early 2003 on traffic charges, Russell entered into an agreement with the police department, whereby he agreed to supply information to police about the involvement of two specific individuals in the drug trade.[3] McCowan explained, however, that Russell was not authorized by the agreement to actually participate in the distribution of controlled sub-

---

[1] For sentencing purposes, the trial court merged the sale counts with the possession counts.

[2] *Cutrer v. State*, 287 Ga. 272, 274 (695 SE2d 597) (2010).

[3] The agreement required Russell to provide any such information before March 3, 2003, when he was required to appear in court on the traffic violations. If Russell provided such information, the police department agreed to recommend the dismissal of the traffic charges. Russell ultimately provided no information pursuant to this agreement.

stances and that the police merely expected Russell to provide information.

On cross-examination, the prosecutor elicited testimony from McCowan about the assistance that he rendered to the GBI in its Barrow County investigation. After GBI agents made undercover purchases of controlled substances, they would show video recordings of the transactions to local law enforcement officials, who would help the agents identify the dealers depicted in the recordings. McCowan explained that he was shown a video recording of one of the February 22 transactions involving Russell, that he immediately recognized Russell as the dealer, and that he identified Russell for the agents. The prosecutor then asked McCowan whether he also "pulled a photo" of Russell for the agents. McCowan responded: "Yes, ma'am. I believe it was off the pardons and paroles website."

Russell's lawyer immediately moved for a mistrial on the grounds that McCowan's answer was an improper comment on Russell's character. Recognizing correctly that the prosecution had not asked McCowan about the source of any photographs and that McCowan's answer was not responsive, the trial court denied the motion for mistrial. The trial court instead gave the following curative instruction:

> Ladies and gentleman, the witness has made a statement which was not responsive to a question asked by the attorney. I'm going to instruct you to disregard it in all respects. Do not consider it in any form or manner as evidence in this case. It is stricken from consideration in this case.

The jury returned a verdict of guilty, and Russell timely filed a motion for new trial. About five years later, the trial court denied the motion for new trial, entering an order denying the motion on August 3, 2010. This appeal followed.

In his sole enumeration of error, Russell contends that the trial court erred when it denied his motion for mistrial. It is well-settled that evidence of the character of the accused, "including evidence which in any manner shows or tends to show that the accused has committed other criminal acts," usually is inadmissible. *Crane v. State*, 294 Ga. App. 321, 325 (2) (670 SE2d 123) (2008). See also OCGA § 24-2-2. The State does not dispute that the reference to Russell's photograph being pulled from the website of the State Board of Pardons and Paroles was improper, and we agree with Russell that it was. Although this reference did not identify any specific crime of which Russell had been convicted, it did suggest, at the least, that Russell had been convicted of some crime.

Nevertheless, a mistrial is not always required when testimony improperly touches upon the character of the accused, especially when the testimony is not purposefully elicited by the State. See *Shelnutt v. State*, 255 Ga. App. 157, 158 (1) (a) (564 SE2d 774) (2002) (a "voluntary remark . . . not invited by court or counsel" does not necessarily require a mistrial); see also *Mister v. State*, 286 Ga. 303, 306 (3) (687 SE2d 471) (2009); *Carr v. State*, 282 Ga. 698, 701-702 (3) (653 SE2d 472) (2007); *Mathis v. State*, 299 Ga. App. 831, 835 (1) (c) (i) (684 SE2d 6) (2009). Instead, as our Supreme Court has explained, "[w]hen prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial." *Agee v. State*, 279 Ga. 774, 777 (4) (621 SE2d 434) (2005). The trial courts are vested with considerable discretion to determine whether a mistrial is, in fact, essential to preserve the right to a fair trial or whether some other remedial measure is sufficient. See id. We review the denial of a motion for mistrial for abuse of discretion, considering all the relevant circumstances, "including the nature of the statement [that reflects badly on the character of the accused], the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." Id. We do not think that the trial court abused its considerable discretion in this case.

As noted above, McCowan was called as a witness by Russell, not the State,[4] McCowan's answer was not purposefully elicited by the prosecutor, and although his answer implied some prior conviction, it did not identify any specific crime of which Russell had been convicted. Moreover, the trial court immediately gave a curative instruction, in which the trial court told the jury to "disregard" the answer "in all respects" and not to consider it "in any form or manner." In these circumstances, we think that the curative instruction was sufficient to remedy any prejudice arising from McCowan's answer. See *Dukes v. State*, 273 Ga. 890, 892-893 (3) (b) (548 SE2d 328) (2001) (prompt curative instruction was sufficient to remedy prejudice from unsolicited testimony that defendant had been incarcerated for 22 years); see also *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997) (prompt curative instruction sufficient to remedy prejudice from unsolicited testimony suggesting that defendant was on probation).

Moreover, we note that the evidence of guilt in this case is

---

[4] The record does not reflect whether any lawyer reminded McCowan before he testified that his testimony should not touch upon Russell's criminal history. But if anyone had an obligation to do so, it was the defense lawyer who called McCowan as a witness, not the prosecutor. Although it is not dispositive, and although we do not give it substantial weight, we think the identity of the party that called McCowan as a witness is a relevant circumstance for the purposes of our inquiry.

overwhelming, such that the comment that prompted the motion for mistrial likely did not affect the outcome of the trial. The evidence includes recordings of Russell selling cocaine to GBI agents, the testimony of three GBI agents identifying Russell as the man who sold them cocaine, and Russell's own admissions that he is the man depicted in the recordings and that he, in fact, sold cocaine to the agents. Although Russell claimed at trial that he was acting pursuant to an agreement with other law enforcement officials, McCowan disputed this claim. And the written agreement between Russell and the Statham Police Department, which was admitted at trial as an exhibit, cannot reasonably be construed to authorize Russell to sell cocaine on the streets of Statham. The overwhelming evidence of guilt confirms our conclusion that the denial of the motion for a mistrial was no abuse of discretion. See *Morgan v. State*, 303 Ga. App. 358, 362 (2) (693 SE2d 504) (2010) (affirming denial of motion for mistrial where evidence of guilt was overwhelming, notwithstanding that witness twice referred to fact that defendant had served time in prison). See also *Young v. State*, 297 Ga. App. 248, 250 (676 SE2d 854) (2009) (denial of motion for mistrial was no abuse of discretion where prompt curative instruction was given and "the other evidence in the case was substantial and very damning"); *Sorrells v. State*, 267 Ga. 236, 239-240 (5) (476 SE2d 571) (1996) (allowing testimony that defendant "had been 'in jail in Alabama' " was harmless error, given overwhelming evidence of guilt).

Finding no abuse of the considerable discretion vested in the trial court, we affirm.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 9, 2011.

*Mary Erickson*, for appellant.

*J. Bradley Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.