304 Ga. 771
FINAL COPY

S18A1311. JOHNSON v. WILLIAMS.

BLACKWELL, Justice.

In 2006, Terrence Johnson was tried by a Floyd County jury and convicted of armed robbery, aggravated assault with intent to rob, and unlawful possession of a firearm during the commission of a crime. Johnson appealed, and the Court of Appeals affirmed his convictions, but it found that the trial judge failed to exercise his sentencing discretion and remanded the case for resentencing. See Johnson v. State, 285 Ga. App. 590, 591 (3) (646 SE2d 760) (2007). Johnson was sentenced to concurrent terms of 20 years (13 years of imprisonment, followed by seven years on probation) for armed robbery and aggravated assault with intent to rob, and a consecutive term of five years on probation for unlawful possession of a firearm during the commission of a crime. In 2011, Johnson filed a petition for a writ of habeas corpus in the Superior Court of Tattnall County, alleging that the aggravated assault with intent to rob merged with the armed robbery of which he was

convicted, and he should not have been separately convicted of the aggravated assault. The habeas court denied his petition, and Johnson appeals.[1] The State concedes that the aggravated assault and armed robbery merged, and we agree. Accordingly, we reverse the denial of the writ of habeas corpus and remand for the habeas court to issue a writ setting aside the separate conviction and sentence for aggravated assault.

On the afternoon of October 11, 2005, Johnson entered a clothing store in Rome owned by Debbie Graham. Johnson pulled a gun from under his shirt and put the gun to Graham's right temple. Johnson moved Graham around the counter and forced her to open the cash register, continuing to hold the gun to her temple. Graham gave Johnson $150 from the cash register. Johnson asked Graham why there was so little money, and Graham responded that she had not done much business that day. At this point, Johnson removed the gun from Graham's temple and briefly swept it under the counter in search of more valuables. Johnson then pressed the gun against Graham's neck and argued with Graham about the location of a safe and

---

[1] Johnson filed an application for certificate of probable cause to appeal from the decision of the habeas court, see OCGA § 9-14-52, and we granted that application.

2

more money. When Graham responded that she did not have a safe or any more money, Johnson fled the premises.

This Court applies the required evidence test adopted in <u>Drinkard v. Walker</u>, 281 Ga. 211, 217 (636 SE2d 530) (2006) to determine if crimes arising from the same conduct merge. In <u>Drinkard</u> we explained that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." (Citation and punctuation omitted.) Id. at 215. See also OCGA § 16-1-6 (a crime is included in another when "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged"). This Court has held that an aggravated assault with intent to rob conviction ordinarily merges with an armed robbery conviction when the convictions are based on the same conduct. "[T]here is no element of aggravated assault with intent to rob that is not contained in armed robbery." <u>Lucky v. State</u>, 286 Ga. 478, 482 (689 SE2d 825) (2010). Both crimes require proof of the same elements. Both require proof of intent to rob, and the "assault requirement" of aggravated assault is the same as the taking "by use of an offensive weapon"

requirement of armed robbery. (Punctuation omitted.) Id. See also Curtis v. State, 275 Ga. 576, 579 (571 SE2d 376) (2002), rev'd on other grounds, Williams v. State, 287 Ga. 192 (695 SE2d 244) (2010).

The record of Johnson's trial[2] shows that the aggravated assault and armed robbery occurred at the same time and resulted from the same conduct. Johnson held Graham at gunpoint, took money from the cash register, and fled from the store. Thus, the facts establishing the elements of armed robbery also established the elements of aggravated assault with intent to rob, and the two offenses merged. Further, the brief interval when Johnson pulled the gun away from Graham, swept the gun under the counter, and then pointed the gun back at Graham is not sufficient to establish two distinct acts and authorize two separate convictions. Cf. Hightower v. State, 304 Ga. 755, 760 (    SE2d    ) (2018) (evidence showed "two separate rounds of gunshots — the first when the car was in the driveway and rolling toward the ditch, and the second after the car had crashed into the ditch"); Oliphant v. State, 295 Ga. 597, 602 (759 SE2d 821) (2014) (evidence showed two separate acts

---

[2] The record of his trial was made a part of the habeas record. Compare Martin v. McLaughlin, 298 Ga. 44, 46-47 (779 SE2d 294) (2015).

when "after the armed robbery and initial shooting, the assailants ran away, but one then returned briefly and shot [the victim] in the leg").

Because the aggravated assault with intent to rob merged with the armed robbery, Johnson should not have been convicted and sentenced for both offenses. His conviction for aggravated assault with intent to rob is void, and it must be set aside. Merger claims like this one are cognizable in habeas proceedings, see Nazario v. State, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013), and the habeas court should have granted the writ as to the conviction for aggravated assault. The judgment of the habeas court is reversed, and we remand for the habeas court to issue a writ consistent with this opinion.

Judgment reversed and case remanded with direction. All the Justices concur.

Decided December 10, 2018.

Habeas corpus. Tattnall Superior Court. Before Judge Stewart.

Sarah L. Gerwig-Moore, J. Scott Key, Matthew R. Gilbo, for appellant.

Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vanessa T. Sassano, Assistant Attorney General, for appellee.