311 Ga. 870
FINAL COPY

S21A0286.  JACKSON v. CRICKMAR.

BOGGS, Justice.

After a 2010 jury trial in Douglas County Superior Court, the trial court entered judgments of conviction against Bilal Jackson for aggravated assault, aggravated battery, attempted armed robbery, attempted murder, and possession of a firearm during the commission of a felony in connection with the shooting of Darryl Claro in 2007, when Jackson was 15 years old. The trial court sentenced Jackson to serve a total of 55 years in prison. Jackson appealed, and the Court of Appeals affirmed in an unpublished opinion. See *Jackson v. State*, 326 Ga. App. XXVI (Case No. A13A2317) (March 28, 2014).

Jackson later filed a petition for habeas corpus in Chattooga County Superior Court (the "habeas court"), which the habeas court denied after a hearing. We granted Jackson's application for a

certificate of probable cause to appeal to consider two issues: (1) whether alleged merger errors in sentencing may be raised for the first time in a habeas corpus proceeding or instead must be raised as part of a claim of ineffective assistance of appellate counsel; and (2) whether Jackson's convictions for aggravated assault, aggravated battery, and attempted armed robbery merge into his conviction for attempted murder.

We conclude that merger claims may be raised for the first time in habeas and are not procedurally barred by a habeas petitioner's failure to raise them earlier in his criminal case. We also conclude that the habeas court erred in rejecting Jackson's claim that his convictions for aggravated assault and aggravated battery merge into his conviction for attempted murder but did not err in rejecting his claim that his conviction for attempted armed robbery merged into his conviction for attempted murder. Accordingly, we affirm the habeas court's judgment in part and reverse it in part, and we remand the case to the habeas court with direction to vacate Jackson's convictions and sentences for aggravated assault and

aggravated battery.

1.    On direct appeal, the Court of Appeals determined that the evidence presented at trial showed as follows:

> Jackson and Derek Baugh were good friends. On October 24, 2007, Baugh picked up Jackson and drove him to a house in Darryl Claro's neighborhod to visit a friend. During the visit, Jackson became upset, obtained a gun from his friend, and walked down the street. Baugh entered his vehicle and followed Jackson. Baugh caught up with Jackson, and Jackson entered Baugh's vehicle. As Baugh spoke with Jackson, Jackson suddenly exited the vehicle and began walking away.
>     Just before 11:00 p.m., as Claro was driving into his subdivision, he encountered Jackson standing in the roadway. As Claro veered to the right of Jackson to drive around him, Jackson began shooting at Claro's vehicle, firing multiple shots at the vehicle as it approached and then passed him. One bullet struck Claro; the bullet entered his back and exited his body underneath his armpit. Claro suffered a collapsed lung, a cracked rib, and scarring.

*Jackson*, Case No. A13A2317, slip op. at 2. Evidence was also presented at trial that Jackson intended to rob Claro. See id. at 4 n.3.

On October 26, 2007, Jackson was taken into custody, and a complaint was filed in the Douglas County Juvenile Court (the

3

"juvenile court"). On November 1, 2007, the State filed a petition alleging delinquency that charged Jackson with aggravated assault, aggravated battery, participation in criminal street gang activity, criminal damage to property in the second degree, and possession of a firearm during the commission of a felony. On November 2, 2007, the State filed a motion to transfer the case to the superior court, the juvenile court held a hearing, and on February 8, 2008, the juvenile court transferred the case to the superior court (the "trial court").[1]

On February 29, 2008, a Douglas County grand jury indicted Jackson for aggravated assault, two counts of aggravated battery, attempted murder, two counts of participation in criminal street gang activity, and possession of a firearm during the commission of a felony. On June 5, 2009, a grand jury returned a second indictment charging Jackson with aggravated assault, three counts of aggravated battery, attempted murder, attempted armed robbery,

---

[1] The Court of Appeals later affirmed the transfer order in an unpublished opinion. See *In the Interest of B. M. J.*, 291 Ga. App. XXV (Case No. A08A1422) (decided June 2, 2008).

hijacking a motor vehicle, and possession of a firearm during the commission of a felony. At a May 2010 trial, the jury acquitted Jackson of hijacking a motor vehicle but found him guilty of all other charges in the second indictment, and on June 2, 2010, the trial court entered an order of nolle prosequi on the first indictment.

On June 9, 2010, the trial court held a sentencing hearing. The State conceded that the three counts of aggravated battery should be merged into one for purposes of sentencing but asserted that none of those counts merged into the attempted murder count. The State argued that testimony at trial showed that Jackson fired four shots that hit Claro's car and that only the second shot struck Claro, such that the first shot was the basis for the aggravated assault count, the second shot was the basis for the aggravated battery counts, and the third and fourth shots were the basis for the attempted murder count. In response, Jackson argued that the aggravated assault count, the aggravated battery counts, and the attempted armed robbery count all merged into the attempted murder count.

The trial court agreed with the State, merged the three counts

5

of aggravated battery into one, and sentenced Jackson to serve 30 years in prison for attempted murder, 30 years for attempted armed robbery, 20 years for aggravated battery, 20 years for aggravated assault, and five years for possession of a firearm during the commission of a felony. The court specified that the 30-year terms for attempted murder and attempted armed robbery would run concurrently with each other; that the 20-year terms for aggravated assault and aggravated battery would run concurrently with each other but consecutively to the concurrent 30-year terms; and that the five-year term would run consecutively to all other terms, for a total sentence of 55 years to be served in prison with credit for time served since October 26, 2007.

Jackson filed a motion for new trial with new counsel, arguing that the evidence was insufficient to support the aggravated battery count based on cracking Claro's rib, which the trial court had merged for sentencing purposes; that his trial counsel was constitutionally ineffective in questioning a police officer about Jackson's post-arrest silence; and that his trial counsel was constitutionally ineffective in

6

soliciting bad character evidence about Jackson. The trial court denied the motion. Jackson appealed, raising the same three claims on direct appeal. On March 28, 2014, the Court of Appeals affirmed in an unpublished opinion. See *Jackson*, Case No. A13A2317.

On March 25, 2015, Jackson filed a petition for habeas corpus with new counsel, although he later elected to proceed pro se. At a hearing on July 25, 2018, Jackson argued, among other things, that the trial court lacked jurisdiction to try him, because the indictment on which he was tried was not issued within 180 days of the date of his detention and the State did not request or receive an extension, so OCGA § 17-7-50.1 required the trial court to transfer his case back to the juvenile court. Jackson also argued that his convictions for aggravated assault, aggravated battery, and attempted armed robbery merged into his conviction for attempted murder. Jackson argued further that his appellate counsel (who also represented Jackson at the motion for new trial stage) was constitutionally ineffective in failing to raise these merger claims and the jurisdictional argument based on OCGA § 17-7-50.1. On November

7

27, 2019, the habeas court entered a final order denying relief.

Jackson timely filed a notice of appeal and an application for a certificate of probable cause to appeal, which this Court granted to consider whether merger claims may be raised for the first time in habeas and whether the habeas court erred in rejecting Jackson's merger claims.[2] The case was orally argued on March 25, 2021.

2.     We turn first to whether alleged merger errors in sentencing may be raised for the first time in habeas or instead must be raised as part of a claim of ineffective assistance of appellate counsel. As we have previously explained, "[a] conviction that merges with another conviction is void — a nullity — and a sentence imposed on such a void conviction is illegal." *Nazario v. State*, 293 Ga. 480, 480 (746 SE2d 109) (2013). Thus, "merger claims . . . are a species of void-conviction claim," id., and challenges to "[v]oid

---

[2] The Court granted the certificate of probable cause to review these two issues. Although Jackson renews his jurisdictional argument and dedicates a substantial portion of his briefing to that claim, this Court grants a certificate of probable cause only to address those claims that it discerns to have arguable merit, and the certificate of probable cause was not granted with respect to Jackson's jurisdictional argument. See *Redmon v. Johnson*, 302 Ga. 763, 765 (809 SE2d 468) (2018).

convictions and illegal sentences have never been subject to general waiver rules," id. at 487. See also OCGA § 9-14-48 (d). And while "a merger claim must come before the court in a type of proceeding in which criminal convictions may be challenged," such proceedings include "a petition for habeas corpus, see OCGA § 9-14-40." *Nazario*, 293 Ga. at 488; see also *Chambers v. Hall*, 305 Ga. 363, 365 (825 SE2d 162) (2019) (correcting merger error in habeas); *Johnson v. Williams*, 304 Ga. 771, 773 (822 SE2d 264) (2018) (same). Accordingly, we hold that, as Jackson argues and the Warden now concedes, claims of merger error in sentencing may be raised for the first time in a properly filed habeas proceeding and are not procedurally barred by the habeas petitioner's failure to raise them in the trial court or on direct appeal in his criminal case.

3. We turn next to the merits of Jackson's merger claims. Jackson argues that his convictions for aggravated assault, aggravated battery, and attempted armed robbery merge into his conviction for attempted murder.

As the Warden now concedes, Jackson's convictions for

aggravated assault and aggravated battery merge into his conviction for attempted murder. See *Hill v. State*, 310 Ga. 180, 198 (850 SE2d 110) (2020) (holding that where there is no evidence an appellant committed aggravated assault or aggravated battery "in the manner alleged independent of the act which was intended to cause [the victim's] death," the counts merge with the conviction for attempted murder for sentencing). See also OCGA § 16-1-6 (2) (a crime is a lesser included offense when "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission").

Attempted armed robbery, however, does not merge into attempted murder. Jackson argues that attempted armed robbery qualifies for merger under OCGA § 16-1-6 (2) because it carries "a less serious . . . risk of injury" and is a "lesser kind of culpability" — intent to rob rather than intent to kill — than attempted murder. Jackson misunderstands both the nature of a risk of injury and the kinds of culpability.

10

Attempted murder and attempted armed robbery do not simply involve different degrees of injury but rather "entirely different *categories* of injury — depriving a victim . . . of his [life] versus depriving a victim of property." *Epperson v. State*, 340 Ga. App. 25, 35 (796 SE2d 1) (2016) (comparing aggravated battery and armed robbery) (emphasis in original). As such, these statutes criminalize two different types of conduct, serve different primary purposes, and do not merge under OCGA § 16-1-6 (2). See *Epperson*, 340 Ga. App. at 35.

Attempted armed robbery and attempted murder also require proof of the same "kind of culpability." All attempt crimes require proof that the act was taken "with intent to commit a specific crime," OCGA § 16-4-1, and both armed robbery and murder require proof of intent to commit the crime. See OCGA §§ 16-8-41 (a) (defining "armed robbery"); 16-5-1 (a), (b) (defining "murder"). Neither attempted armed robbery nor attempted murder requires a different, let alone a "lesser" kind of culpability such as recklessness or negligence. See, e.g., OCGA §§ 16-2-1 (b) (defining "criminal

negligence" as "willful, wanton, or reckless disregard for the safety of others"); 16-5-3 (defining "involuntary manslaughter" as "caus[ing] the death of another human being without any intention to do so").[3]

Accordingly, we reverse the habeas court's judgment only to the extent that it rejected Jackson's merger challenge to his aggravated assault and aggravated battery convictions, and we remand the case to the habeas court with direction to vacate Jackson's convictions and sentences for aggravated assault and aggravated battery.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur, except Ellington, J., disqualified.*

---

[3] The text of OCGA § 16-1-6 is also "'virtually identical' to the language of the Model Penal Code § 1.07 (1), (4)," *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006), and the Model Penal Code includes four different "kinds of culpability": "purposely, knowingly, recklessly, [and] negligently." Model Penal Code § 2.02 (1962). By analogy to this framework, attempted murder and attempted armed robbery would still share the same "kind of culpability": "purposely." Id. (meaning that the act committed was the perpetrators' "conscious object").

Decided June 21, 2021.

Habeas corpus. Chattooga Superior Court. Before Judge Graham.

*Strickland Webster, Leigh Ann Webster*, for appellant.

*Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General*, for appellee.