# Court of Appeals
# of the State of Georgia

ATLANTA,  June 02, 2025

*The Court of Appeals hereby passes the following order:*

**A25A1746. EBENEZER KAYO BUWEE v. THE STATE.**

Following a 2018 jury trial, Ebenezer Kayo Buwee was convicted of both aggravated child molestation and child molestation. The trial court sentenced Buwee to life, with the first 40 years to be served in incarceration and the balance on probation.[1] This Court affirmed his convictions on appeal. See *Buwee v. State*, 359 Ga. App. 321 (857 SE2d 498) (2021). Buwee subsequently filed a "Motion for Void Sentence, Failure to Arraign," arguing that because the trial court failed to arraign him, his sentences were void and his convictions should be vacated. The trial court denied that motion, and we dismissed Buwee's appeal from that order for lack of jurisdiction. *Buwee v. State*, Case No. A25A0496 (October 31, 2024). In April 2025, Buwee filed another motion in the trial court in which he sought to "correct a clerical error or . . . set aside a void sentence." In support of that motion, Buwee asserted that the trial court erred in failing to merge the conviction of child molestation with the conviction of aggravated child molestation; that the split sentence imposed by the trial court was illegal and void for failure to comply with OCGA §§ 17-10-6.1 and 17-10-6.2; that the trial court erred in applying OCGA § 17-10-6.2 (b) to enhance his

---

[1] On the count of aggravated child molestation, the trial court imposed a life sentence, with the first 30 years to be served in confinement and the balance on probation. For the count of child molestation, the trial court imposed a sentence of 20 years, with the first ten to be served in confinement and the balance on probation. Additionally, the trial court required that all periods of confinement be served consecutively.

sentence; and that the State failed to provide him with notice of its intent to seek a sentence of life as required by OCGA § 16-6-4 (b). The trial court rejected each of these arguments and denied Buwee's motion, and Buwee filed this direct appeal. Again, however, we lack jurisdiction.

As an initial matter, a motion to correct a void sentence is not a proper vehicle for asserting a merger claim. Rather, "merger claims are a species of [a] void-conviction claim[.]" *Jackson v. Crickmar*, 311 Ga. 870, 873 (2) (860 SE2d 709) (2021) (citation and punctuation omitted). Thus, to the extent that Buwee failed to assert this claim in his 2021 direct appeal from his conviction, his claim of a merger error in sentencing must be raised in the context of a properly-filed habeas corpus petition. Id. at 874 (2).

With respect to Buwee's remaining challenges to his sentence, OCGA § 17-10-1 (f) allows a court to modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is neither void nor subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. See also *Jones v. State*, 278 Ga. at 670). A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. See also *Paradise v. State*, 321 Ga. App. 371, 372, n. 1 (740 S.E.2d 238) (2013); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Here, Buwee cannot raise a colorable void sentence claim.

A conviction for aggravated child molestation "shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life, and

shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7." OCGA 16-6-4 (d) (1). OCGA § 17-10-6.1 requires that unless sentenced to life imprisonment, a person convicted of aggravated child molestation shall receive "a split sentence which shall include a mandatory minimum term of imprisonment of 25 years, followed by probation for life, and no portion of the mandatory minimum sentence imposed shall be suspended, stayed [or] probated . . . ."[2] Buwee's sentence for aggravated child molestation (life imprisonment to serve 30 years, with the balance on probation) fell within the statutory range of punishment set forth in OCGA § 16-6-4 (d) (1). It also complied with the mandatory minimum sentence requirements set forth in both that statute and in OCGA § 17-10-6.1 (b) (2).[3]

Georgia law further provides that a conviction for child molestation "shall be punished by imprisonment for not less than five nor more than 20 years and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.2 and 17-10-7." OCGA § 16-6-4 (b) (1). OCGA § 17-10-6.2, in turn, provides that a person convicted of child molestation shall receive "a split sentence which shall include the minimum term of imprisonment specified in [OCGA § 16-6-4 (b) (1)]. No portion of the mandatory minimum sentence imposed shall be suspended, stayed [or] probated . . . Any sentence shall include, in addition to the mandatory term of imprisonment, an additional probated sentence of at least one year . . . ." OCGA § 17-10-6.2 (b). Buwee's sentence on the charge of child molestation (20 years with ten to serve in confinement and the balance on probation) complied with both of the relevant

---

[2] OCGA § 17-10-7 addresses recidivist sentencing. The judgment of conviction, however, reflects that Buwee was not sentenced as a recidivist, and therefore was not subject to the provisions of that statute.

[3] Despite Buwee's argument to the contrary, the State was not required to notify him of its intent to seek a life sentence. OCGA § 16-6-4 (b) (1) requires that the State provided defendant with pretrial written notice of its intent to seek a life sentence on a charge of child molestation; no such requirement applies to charges of aggravated child molestation.

statutes.

Given that Buwee cannot raise a colorable void sentence claim, and pretermitting whether our decisions in his previous appeals bar his current claim under the law of the case doctrine, Buwee is not entitled to a direct appeal from the trial court's order. See *Harper v. State*, 286 Ga. 216, 217 (1), n.1 (686 SE2d 786) (2009); *Burg*, 297 Ga. App. at 119. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  06/02/2025

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*