# Court of Appeals
# of the State of Georgia

ATLANTA,  June 24, 2025

*The Court of Appeals hereby passes the following order:*

**A25A2001. JARVIS JONES v. THE STATE.**

In April 2022, Jarvis Jones pleaded guilty to two counts of cruelty to children in the second degree and was sentenced to twenty years, with the first ten to be served in incarceration and the balance on probation. Approximately eighteen months later, in December 2023, Jones filed a pro se "Motion to Vacate a Void Sentence." In support of that motion, Jones asserted that the two counts of which he was convicted should have been merged for sentencing purposes. Following a hearing, the trial court dismissed Jones's motion, finding that it lacked jurisdiction to consider the same. Jones then filed this direct appeal. For reasons explained below, we must dismiss the appeal.

A merger claim, such as the one at issue, represents a challenge to a defendant's convictions, rather than his sentence. See *Jackson v. Crickmar*, 311 Ga. 870, 873 (2) (860 SE2d 709) (2021) ("merger claims are a species of [a] void-conviction claim") (citation and punctuation omitted); *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (merger argument constitutes a challenge to conviction). Thus, a motion to correct a void sentence is not a proper vehicle for asserting a merger claim. "Instead, such a challenge . . . may be considered only in a traditionally recognized proceeding to challenge a criminal conviction: a direct appeal of the conviction; an extraordinary motion for new trial, see OCGA § 5-5-41; a motion in arrest of judgment, see OCGA § 17-9-61; or a petition for habeas corpus, see OCGA § 9-14-40." *Nazario v. State*, 293 Ga. 480, 488 (2) (c) (746 SE2d 109) (2013). Given that Jones cannot challenge his conviction by way of a motion to vacate

his sentence, he is not entitled to a direct appeal from the trial court's order. *Williams*, 287 Ga. at 193-194. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  06/24/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*