# Court of Appeals
# of the State of Georgia

ATLANTA,  April 27, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1793. GUSTAVO CISNEROS v. THE STATE.

Gustavo Cisneros was charged in a 24-count indictment for crimes arising out a series of home invasions, and the jury found him guilty of 19 offenses, but acquitted him of 5 of the charges. Cisneros appealed, and we found the evidence was insufficient as to eight of the charges, but affirmed his remaining convictions. *Cisneros v. State*, 334 Ga. App. 659 (780 SE2d 360) (2015), aff'd, 299 Ga. 841 (792 SE2d 326) (2016). Ultimately, Cisneros was sentenced in 2018 for five counts of burglary, four counts of armed robbery, one count of sexual battery, and one count of criminal attempt to commit armed robbery. In 2026, Cisneros filed a motion to vacate a void sentence, arguing that his conviction for criminal attempt merged into armed robbery, that his conviction for sexual battery merged into aggravated battery, and that his burglary convictions merged into his armed robbery convictions.[1] The trial court denied the motion, and Cisneros filed this appeal. We lack jurisdiction.

A direct appeal is permitted from the denial of a motion to vacate a void sentence if the motion raises a colorable claim that the sentence is, in fact, void. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). But a motion to correct or vacate a void sentence is not an appropriate method for asserting a merger claim. See *Nazario v. State*, 293 Ga. 480, 488 (2) (d) (746 SE2d 109) (2013). Rather, a merger claim represents a challenge to a defendant's conviction, rather than his sentence. See *Jackson v. Crickmar*, 311 Ga. 870, 873 (2) (860 SE2d 709) (2021) ("merger claims are

---

[1] Contrary to his contention, Cisneros has no conviction for aggravated battery.

a species of [a] void-conviction claim") (citation and punctuation omitted). Because Cisneros is not authorized to challenge his convictions in this manner, he is not entitled to a direct appeal from the trial court's order. *Williams v. State*, 287 Ga. 192, 193-94 (695 SE2d 244) (2010). Accordingly, this appeal is hereby DISMISSED. Id.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  04/27/2026*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*